NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Appellant, *v.* R. H. MACY & Co., INC., Respondent.

First Department, April 15, 1965.

*Emanuel Becker* of counsel (*Lester H. Schreiber* and *William B. Schreiber* with him on the brief; *Windels, Merritt & Ingraham*, attorneys), for appellant.

*William L. Lynch* of counsel (*Thomas V. Kelly, Herman S. Greitzer* and *Cleary, Gottlieb, Steen & Hamilton* with him on the brief; *Marvin Fenster*, attorney), for respondent.

STEUER, J. Plaintiff appeals from a denial of its motion for a temporary injunction in an action for a permanent injunction. The action is based on a violation of the so-called Fair Trade Law or Feld-Crawford Act (General Business Law, §§ 369-a–369-e). It is not disputed that plaintiff took the necessary steps to bring its products within the protection of the act and that defendant has and is offering these products for sale at prices below the prices fixed by the plaintiff for retail sales.

Special Term denied the application on the ground that plaintiff had failed to show that it had diligently investigated and prosecuted complaints and enforced its fair-trade prices by repeated legal action, and that it had a well-planned, effective and vigorous plan of enforcement. The court further pointed out that it is only a short time since the State Liquor Authority, pursuant to amendment of the Alcoholic Beverage Control Law, has relinquished control over retail liquor prices and that, perhaps for this reason, plaintiff has not had an opportunity to develop a satisfactory enforcement program.

These observations, and the decision consistent with them, indicate that Special Term misplaced the emphasis of the deci-

sions which have interpreted the statute. There is no require-ment that a manufacturer who has made fair-trade agreements evolve and put into effect a plan for their enforcement. In fact, the more reasonable expectation is that retailers will abide by the law and infractions can be dealt with without the necessity for litigation (*Calamia* v. *Goldsmith Bros.*, 82 N. Y. S. 2d 277, affd. 274 App. Div. 884, affd. 299 N. Y. 636). And if need be, he can proceed against whatever violator he chooses (*Seagram-Distillers Corp.* v. *Ackerman*, 263 App. Div. 1016). In fact, the only bar to enforcement where a fair-trade agreement and its violation are established, is where it can be shown that the manu-facturer deliberately abandoned the contract (*De Candido* v. *Young Stars*, 10 A D 2d 922) or where he is using it inequitably to favor some retailers against others (*Calvert Distillers Corp.* v. *Nussbaum Liq. Store*, 166 Misc. 342). Here neither of these defenses was shown. Abandonment could not well be claimed in view of the short period during which these agreements were in force or, for the reason given by Special Term, that they could have existed.

The opposition consisted of an attempt to show that others have cut the prices of plaintiff's products. In and of itself this is without effect (*Calvert Distillers Corp.* v. *Nussbaum Liq. Store, supra*, p. 346; *National Distillers Prods. Corp.* v. *Colum-bus Circle Liq. Stores*, 166 Misc. 719; *Mead Johnson & Co.* v. *Macy & Co.*, 28 Misc 2d 322, and the numerous Special Term decisions cited therein). And it is only where such price-cutting by others is with the connivance or consent of the producer that the fact takes on significance, because it is only then that the attempt to enforce an agreement would become inequitable. Defendant's proof in this respect belies its claim. To establish that others were price-cutting, defendant sent out several shop-pers. These individuals, acting under defendant's instructions, did not accept the retailer's refusal to sell at less than the fair-trade price. They offered unusual inducements, such as an extraordinarily large purchase of other products, if the store-keeper would agree on a price cut for plaintiff's brands. Appar-ently these shoppers were pretty successful in trading upon the human weakness of their competitors. So it was sought to establish plaintiff's inequity by this gross impropriety, itself inequity.

It was further established that defendant sells comparatively little of plaintiff's brands. And the conclusion seems to be warranted that defendant is not cutting prices on plaintiff's brands to meet competition or to further its own sales of these products. Rather, it does so as an advertising lure to bring

potential purchasers of competing products into its store. In this course plaintiff's trade-marks are devalued. It is to protect against this eventuality that the Feld-Crawford Act was enacted (*General Elec. Co.* v. *Masters, Inc.*, 307 N. Y. 229) and it has been the rule since its enactment that it should be given an interpretation that will effectuate its purpose (*Port Chester Wine & Liq. Shop* v. *Miller Bros.*, 253 App. Div. 188).

For these reasons we believe the injunction asked for should issue. However, we do recognize that though plaintiff has made the showing necessary to obtain the relief, defendant should not, in the absence of a judgment, be subject to restraint for any undue period. The order should provide, in addition to a suitable bond, for an early trial which should not be later than the opening of the June 1965 Term. To effectuate this defendant may, upon a showing that plaintiff has failed to proceed expeditiously, apply to Special Term to be relieved of the injunction.

Two further observations are in order. Special Term referred to current conditions in the industry. Except insofar as legislation may directly affect the fair-trade agreements herein, any resulting condition in the industry is irrelevant. Defendant has called our attention to the fact that some 16 other applications by distillers for injunctions have been denied since the decision at Special Term herein. If these reflect a reluctance to interfere in the economic situation in the industry — claimed to be chaotic following the change in the Alcoholic Beverage Control Law and consequent changeover of control of prices to the distillers through the medium of fair-trade agreements — this is no concern of the courts. Any economic consequence is the concern of the Legislature, whose judgment in the situation is not subject to judicial review (*General Elec. Co.* v. *Masters, Inc., supra*). Secondly, we wish to emphasize that the provision for an early trial ordered herein is after determining the merits of the application for a preliminary injunction and not in lieu of such a determination. Too often (though not in this instance at Special Term) the opposite is the fact and direction for an early trial is made a convenient avenue to escape decision of the application. We mention this to emphasize the distinction to the end that this determination should not be taken as a precedent for that particular practice.

The order denying injunction should be reversed, on the law and the facts and in the exercise of discretion, with costs, and motion granted. Settle order on notice.

RABIN, J. P., VALENTE and EAGER, JJ., concur.

Order, entered on March 8, 1965, denying injunction unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion granted, with $10 costs. Settle order on notice.