■ CHARLES MATHIEU, Appellant, v. DAVID W. FRANKEL et al., Respondents.— The part of the order entered April 29, 1969, denying plaintiff's motion for a preliminary injunction to restrain the sale of shares pertaining to the apartment occupied by plaintiff is unanimously reversed on the law and facts and in the exercise of discretion, and the part of the order granting defendants' cross motion by answering affidavit to dismiss the complaint is unanimously reversed on the law, with $50 costs and disbursements to plaintiff-appellant, the motion for a temporary injunction granted, and the cross motion to dismiss the complaint denied. It appears plaintiff did have an option to purchase shares and a proprietary lease. Whether the option was extended, expired or was exercised, in the circumstances, presents issues of fact. Pending their resolution, the *status quo* should be maintained, absent a showing by defendants of irreparable damage. Upon joinder of issue, plaintiff shall promptly file a note of issue and pay the proper fees, and consent to an immediate trial. Upon plaintiff's failure to comply with said provisions, defendants may apply for a reconsideration of plaintiff's application for a preliminary injunction. (See *B. C. Morton New York City Corp.* v. *Wolfson*, 15 A D 2d 645.) Settle order on notice providing for a bond. Concur— Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.

■ In the Matter of ARTHUR STIFFEL et al. v. DONALD HOSTETTER et al., Constituting the State Liquor Authority.— Motion for a stay denied, with $10 costs, consonant with *Oleshko* v. *New York State Liq. Auth.* (21 N Y 2d 778). Concur — Stevens, P. J., Eager, Capozzoli, Markewich and Nunez, JJ.