■ HUDSON CHROMIUM COMPANY, INC., et al., Appellants, v MAURICE D. POLLACK et al., Respondents.—Order, Supreme Court, New York County, entered September 15, 1975, denying plaintiff's motion for a preliminary injunction, unanimously reversed, on the law and the facts and in the exercise of discretion, and the preliminary injunction granted with $40 costs and disbursements to appellants. The plaintiff Abraham Galfunt is the president of the corporate plaintiff Hudson Chromium Co., Inc. (Hudson), which corporation is engaged in the business of metal finishing and "does all types of electro-plating, polishing, and similar types of work relating to metal machine parts and automobile parts." Maurice D. Pollack is a brother-in-law of Galfunt's and was employed by Hudson from 1955 to 1974. In 1965 Pollack was given a 50% interest in and made an officer of Hudson.

He was solely in charge of the general sales of the corporation until December 5, 1974. Shortly after Pollack acquired this substantial interest in Hudson, a shareholders' agreement was executed containing a restrictive covenant which provided that "the party who leaves the employ of [Hudson] agrees that he will not engage in a similar line of business in any capacity whatsoever directly or indirectly within a radius of seventy-five (75) miles of the Metropolitan area of New York City for a period of five (5) years from the date of the sale of his stock as herein provided." Pollack resigned in December, 1974 as a result of disputes with Galfunt. As an adjunct of resignation, an additional agreement among the parties was executed which continued the restrictive covenant in full force and effect. Subsequently, it was discovered by Galfunt that Pollack had solicited customers of Hudson allegedly in breach of the restrictive covenant and this lawsuit was therefore instituted by plaintiffs. A preliminary injunction was sought at Special Term based, *inter alia,* upon affidavits from customers of Hudson who had been solicited by Pollack for services, including metalplating and finishing, which solicitation was on behalf of the various corporate defendants. The individual defendants named are officers of those corporate defendants. Special Term denied the motion. We would reverse. The defendants have merely interposed blanket denials of the plaintiffs' allegations and there are no denials of certain specific, crucial details (e.g. that there was solicitation on behalf of defendant E. S. Metal Products Co. for metalplating; that the individuals Emanuel Sergi and Sylvia Pollack are officers of the defendant Stafast Corp., which corporation engages in metalplating and similar activities in direct competition with Hudson). The restrictive covenant in question specifically interdicted both "direct" and "indirect" competition, which covenant appears to have been breached. To the extent that the competitive activities of the corporate defendants appear to have enabled Pollack to circumvent the restrictive covenant, and to the extent that specific descriptions of such violations have been submitted in affidavit form and remain substantially undisputed, it appears that it was an improvident exercise of discretion to have denied preliminary injunctive relief to the plaintiffs. We have accordingly reversed Special Term and have granted the injunctive relief requested. While we find that plaintiffs have made the necessary showing to obtain the relief sought, nonetheless the defendants should not, in the absence of a judgment, be subject to restraint for an undue period of time *(National Distillers & Chem. Corp. v Macy & Co.,* 23 AD2d 51, 54). We therefore direct that, in the order to be settled herein, provision should be made for a suitable bond and for an early trial no later than the beginning of the February 1976 Term. The injunctive relief granted shall extend to the defendant Maurice Pollack, and all other persons or entities acting in concert with him or under his direction, both directly and indirectly, and shall restrain them from engaging in the same or similar line of business that Hudson engaged in in December, 1974, such restraint to extend throughout the geographic area described in the restrictive covenant. In the interim, the preliminary relief granted by the order of this court and entered October 21, 1975 shall remain in effect. Settle order on notice. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Nunez, JJ.