■ William Gronim et al., Respondents, v Stephen M. Dessau, as Executor of Harold Dessau, Deceased, et al., Appellants, et al., Defendants.—Order and judgment (one paper), Supreme Court, New York County, entered May 3, 1977, which, *inter alia*, granted plaintiffs' motion for a preliminary injunction and directed the sale of certain shares of stock to plaintiffs at book value upon such terms as are reasonable, unanimously modified, on the law, to the extent of denying summary judgment to the plaintiffs and vacating the permanent injunction, and otherwise affirmed, without costs or disbursements. William Gronim, an employee with the firm of Harold Dessau, Inc., was sent a letter dated February 27, 1962 from Harold Dessau, the principal of the corporation, which stated: "Dear Bill: In

line with our recent conversations, this will advise that I have included in my current Will a provision designated Fifth, of which a copy is enclosed herewith. Moreover, I shall include in any future Wills I may make a provision in substantially the same form as the one enclosed. Sincerely, [signed] Harold Dessau". The proposed paragraph fifth provided that Gronim was to have the exclusive opportunity, for a period of 90 days after probate of the will, to contract to purchase the stock of Harold Dessau, Inc., at no more than book value. The clause further directed that the sale to Gronim be consummated even if better offers from other sources were tendered to the corporation. In the period between 1962 and the death of Dessau, he had made a gift of 10% of the shares of the corporation to Gronim, and a similar gift was also made to a coworker, Frederick Winseck. When Harold Dessau died, his last will contained a provision which allowed Gronim and Winseck to purchase the shares of the corporation. However, rather than containing an exclusive option to purchase, the provision states that the sale was subject to the discretion of the executors and need not be made should such sale not be in the best interest of the estate. Gronim and Winseck made an offer to purchase the shares, to pay $50,000 in cash and the balance of the suggested purchase price of over one million dollars to be paid over a period of 10 years. The estate received another offer to purchase at a higher price. All moneys were to be paid within four years. To prevent sale of the business to others, Gronim and Winseck instituted this motion seeking preliminary injunctive relief, and the defendant executors cross-moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). Special Term elected to treat the cross motion as one for summary judgment; granted permanent injunctive relief to the plaintiffs; and directed that the sale of the shares be made to the plaintiffs. We find that summary judgment was improperly granted. Procedurally, we note that when the court elects to treat a motion to dismiss as a motion for summary judgment, it may do so only on adequate notice to the parties (CPLR 3211, subd [c]), which would afford an opportunity for further submission of papers. This procedure was not followed in the case at bar. In any event, there are issues of fact which preclude the granting of summary judgment. It is unclear whether the gift of 10% of the shares of the corporation to Gronim operated as a rescission of the 1962 letter. Furthermore, it is unclear whether sufficient terms were set forth in the 1962 letter to constitute an enforceable agreement. In order to maintain the *status quo,* we direct that a preliminary injunction remain in force *(Mathieu v Frankel,* 33 AD2d 551), and further direct that the parties proceed expeditiously to trial in order that the restraint on sale of the stock, in the absence of a judgment in favor of the plaintiffs, not remain in force for an undue period *(National Distillers & Chem. Co. v Macy & Co.,* 23 AD2d 51, 54). Settle order on notice. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.