NAJEAN BUILDERS, INC., Appellant, v. HARBOR BAY REALTY Co. et al., Respondents.— In view of plaintiff's informal request for summary judgment on all three of its causes of action, we do not pass upon

the propriety of whether a defendant may, under answers containing merely general denials, move for summary judgment in plaintiff's favor upon papers which, in effect, constitute a tender or offer to compromise the litigation (see Civ. Prac. Act, § 177). The parties, however, may to a large extent chart their own procedural course through the courts (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87). There is no dispute that plaintiff rejected the right to receive a conveyance of Parcel B prior to the closing; and, upon the closing, all that was requested was a conveyance of Parcel A subject to the contractual provisions. Accordingly, plaintiff could not insist upon a conveyance of Parcel B, and its rejection thereof was binding and conclusive. Plaintiff is not entitled to a reduction of $1,000 in the purchase price. The contract provided that "the SELLER shall be required to incur an expense up to $1,000.00 to render title to the premises marketable, and in the event that any sums required shall exceed $1,000.00 then the SELLER, at his option, may or may not remove the encumbrance, and the PURCHASER, at his option may accept such title as the SELLER may be able to convey." Since the objections raised by the title company, assuming that they are valid objections, could not be removed by the seller for any sum of money, the seller was free to exercise its option not to expend any moneys. There was no error in opening the judgment herein on defendant's motion and in amending it to provide for a new closing date. The judgment in its last decretal paragraph provided for just such contingency and, in any event, plaintiff certainly was not aggrieved by the order which in effect relieved him of his default in complying with the judgment on the date originally fixed (see, also, *Cold Spring Light, Heat & Power Co.* v. *Selleck*, 256 N. Y. 451, 456). Appeal from the order dated February 3, 1961, denying plaintiff's motion to resettle the judgment, dismissed. Plaintiff in its brief does not press this appeal. In any event, such order is not appealable since, in effect, it denies a motion to modify or change the relief granted under the original judgment and its decretal provisions (*Clemente* v. *Unexcelled Chem. Corp.*, 11 A D 2d 1046; *Bergin* v. *Anderson*, 216 App. Div. 844). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.