■ BOARD OF TRUSTEES OF THE TOWN OF HUNTINGTON et al., Appellants, v W. WILTON WOOD, INC., et al., Respondents. — In an action, *inter alia,* for a judgment quieting title to certain land in or abutting Huntington Harbor and declaring the relative rights of the parties, plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an amended interlocutory judgment of the Supreme Court, Suffolk County (McInerney, J.), dated August 24, 1982, as, following a nonjury trial, *inter alia,* amended a prior interlocutory judgment of the same court entered February 22, 1977, so as to declare that "the use of [the subject property] and the adjacent area off-shore under the waters of Huntington Harbor by the defendants Joseph A. Gazza and Eugene L. Gazza or their tenants for a marina capable of accommodating approximately 250 pleasure boats with improvements to provide access and accommodations for attending to the needs of those using the slips, including sanitary facilities, on the premises of [*sic*] above described and providing for the unloading of oil from tankers by a pipeline extending along a main fixed pier is and would be a reasonable exercise of their riparian rights". Amended interlocutory judgment affirmed insofar as appealed from, without costs or disbursements. Plaintiffs, the Board of Trustees of the Town of Huntington and the Town of Huntington, commenced this action in 1973 to determine rights of ownership and possession of certain real property located on the west side of Huntington Harbor in the Town of Huntington. The complaint also sought damages and an injunction prohibiting the storing, parking and repair of commercial boats and boat trailers on the property. The defendants' answer denied the essential allegations of the complaint and imposed two counterclaims, one for a declaration

that the zoning classification of the property was unduly restrictive, the other for a declaration that defendants Gazza have riparian rights of access to the waters of Huntington Harbor. Following a nonjury trial, an interlocutory judgment was entered on February 22, 1977, providing (1) that title to certain described premises which were then or were formerly lands below the mean high water mark of Huntington Harbor was in the plaintiff Board of Trustees of the Town of Huntington, (2) that the defendants Gazza were the owners of the uplands adjacent to such premises and as such had riparian rights of access across, over and upon such lands to the waters of Huntington Harbor, (3) that the use of the subject premises for the unloading of oil via a pipeline thereon laid is a reasonable exercise of such riparian rights, (4) that the transportation of boats over the subject premises to the uplands is a valid exercise of such riparian rights, (5) that the use of such premises for the business of boat storage is not within the proper exercise of such riparian rights and that such business was enjoined, and (6): "that the court reserves jurisdiction for the purposes of determining whether (a) the use of the north dock for any purpose other than the oil pipeline referred to in the third decretal paragraph hereof is a reasonable exercise of defendants' riparian rights, (b) upon plaintiffs' presentation of a plan for development of either or both docks which has been approved by the Town Board, whether the use then being made by defendants, or their Tenants in interest of either, of their riparian rights is reasonable in relation to the use by plaintiff provided for in such plan, (c) the damages, if any, for use and occupation to which plaintiffs may be entitled by reason of the unauthorized use by defendants or their tenants of the lands described in the first decretal paragraph hereof, the recovery by the plaintiffs of such damages, if any, to be limited to the period subsequent to July 2, 1967". By order to show cause, the defendants moved to amend the interlocutory judgment to indicate that a marina proposed to be constructed by the defendants Gazza constituted a reasonable exercise of their riparian rights of access to the waters of Huntington Harbor. The moving papers asserted that there had been more than a 3½ year hiatus between the court's original decision and the making of the application to amend, during which time plaintiffs had taken no action towards developing a plan for the use of the property, that the demand for mooring facilities and boat slips had increased, that the Gazzas had entered into a leasing arrangement under which the lessees were to develop a marina and that application had been made to the town and the Army Corps of Engineers for approval. The defendants urged that this use constituted a reasonable exercise of riparian rights. An evidentiary hearing was directed, after which Special Term amended the interlocutory judgment and declared that the use proposed by defendants was proper. Plaintiffs appeal. We affirm. At the outset, we reject plaintiffs' claim that Special Term was without power to amend the judgment. To be sure, a court cannot, under the guise of amendment, change substantive provisions in a judgment in light of what it perceives to be subsequent equities (see, e.g., *Herpe v Herpe*, 225 NY 323, 327; *Reinfurt v Reinfurt*, 67 AD2d 968; *Baum v Baum*, 40 AD2d 1000, 1001). However, the original interlocutory judgment itself provided for continuing jurisdiction and a reading of the second counterclaim clearly indicates that defendants sought an adjudication of the extent and limits of their riparian rights vis-à-vis the rights of the town. Since Special Term expressly reserved jurisdiction over that issue, it had authority to amend the initial interlocutory judgment (see *Najean Bldrs. v Harbor Bay Realty Co.*, 15 AD2d 580, 581). Aside from the express reservation of jurisdiction, it is a basic principle of equity that, in a proper proceeding, the court that issued an injunction may modify its provisions to conform to changed conditions (see *Dutchess Sanitation Serv. v Town of Plattekill*, 51 NY2d 670, 673-674; *People v*

*Scanlon,* 11 NY2d 459, 463; *Dictograph Prods. v Empire State Hearing Aid Bur.,* 4 AD2d 508, 510). Though the present application was phrased as a motion to amend the interlocutory judgment, it can be treated as one to vacate that judgment, pursuant to CPLR 5015 (subd [a], par 2), an appropriate procedure for resolving the issue on the merits (see *Horan v Town of Brookhaven,* 29 AD2d 563, mot to dismiss app granted 21 NY2d 1040), because plaintiffs "had notice of the motion seeking the change and a fair opportunity to meet it" (Siegel, NY Prac, § 420, p 557). On the merits, we find no basis for overturning Special Term's determination. Commercial operation of a marina does not constitute an unreasonable use of riparian rights as a matter of law (*Town of Hempstead v Oceanside Yacht Harbor,* 38 AD2d 263, affd on opn at App Div 32 NY2d 859). The evidence in the record before us shows that there is a need for the facility proposed by the defendants, that it will not impinge upon any public right, and that the use is consistent with the public policy of encouraging the private development of waterfronts (see *Trustees of Town of Brookhaven v Smith,* 188 NY 74, 79-80). Contrary to plaintiffs' argument, there is no authority for the recognition of what is characterized as a "superior" right of a municipality to develop the shoreline. The language in the cases quoted to us (e.g., *Trustees of Town of Brookhaven v Smith, supra,* p 87), whether read in or out of context, clearly indicates that they concern a riparian owner's preclusion from interfering with the public right to use a waterway for navigation. That is not the same right which plaintiffs seek to enforce here. Indeed, the marina proposed by the defendants will not interfere with any public right of passage or access and will be providing a needed public service in the area. Any marina will, of course, be subservient to such public rights (see 3 Warren's Weed, Real Prop, Land Under Water, § 2.05). We have considered plaintiffs' remaining arguments and find them to be without merit. Titone, J. P., Gibbons, Weinstein and Boyers, JJ., concur.