■ WELLBILT EQUIPMENT CORP., Respondent, v RED EYE GRILL, L.P., Appellant. [765 NYS2d 490] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered July 30, 2002, which, in this action for breach of a construction contract, awarded plaintiff $206,000, together with interest from April 10, 1997, for a total of $304,399.60, as against defendant, unanimously affirmed, with costs.

Based upon defendant's admission, in its answer, that it owed at least $406,000 to plaintiff under the contract, Supreme Court (Carol Huff, J.) granted judgment in that amount, but stayed entry pending the resolution of disputed factual issues. Thereafter, at a nonjury trial, the court (Edward Lehner, J.) decided that no contract had been made and directed a reference to determine the value of plaintiff's construction services. The court then granted plaintiff's motion to enter the prior judgment, allowing a setoff for $200,000 received by plaintiff from the landlord upon vacating a lien. This Court later affirmed the order after trial determining that defendant was liable in quantum meruit for the reasonable value of plaintiff's services (303 AD2d 269 [2003]).

There is no merit to defendant's contention that the court improperly overruled a judge of coordinate jurisdiction by vacating the stay. "A preliminary injunction is a provisional remedy. Its function is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits (*Gambar Enters. v Kelly Servs.*, 69 AD2d 297, 306)" (*Residential Bd. of Mgrs. of Columbia Condominium v Alden*, 178 AD2d 121, 122 [1991]). It is settled that a court has inherent power to modify its equitable directives (*Dictograph Prods. v Empire State Hearing Aid Bur.*, 4 AD2d 508, 510 [1957]). A motion to vacate a preliminary injunction is addressed to the sound discretion of the court and may be granted either upon compelling or changed circumstances that render continuation of the injunction inequitable (CPLR 6314; *see After Six v 201 E. 66th St. Assoc.*, 87 AD2d 153, 155 [1982],

*appeal dismissed* 57 NY2d 835 [1982]) or upon failure to proceed expeditiously (*National Distillers & Chem. Corp. v R.H. Macy & Co.*, 23 AD2d 51, 54 [1965]; *Yellow Cab Mfg. Co. v Checker Cab Mfg. Corp.*, 206 App Div 8, 11 [1923]).

Having failed in its efforts to limit plaintiff's recovery to the contract price, defendant disingenuously asserts that plaintiff's recovery in quantum meruit will prove to be less than the amounts it has already received under the failed contract. In support of its assertion, defendant offered only the affirmation of counsel, unsupported by any evidentiary submission. Having conducted a nonjury trial, the court was ideally suited to assess defendant's likelihood of success on the merits (*see Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1990]). Moreover, counsel's bald, conclusory assertions are inadequate to meet the burden imposed on the proponent of preliminary injunctive relief to demonstrate a probability of ultimate success on the merits, irreparable injury in the event that injunctive relief is denied and a balancing of the equities in its favor (*Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *see also Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]). Concur— Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.