In the Matter of XANDER CORP., Respondent-Appellant, v SINCLAIR HABERMAN et al., Appellants-Respondents, et al., Respondents. [838 NYS2d 133]—

In, in effect, an action, inter alia, for a judgment declaring title by adverse possession or the right to a prescriptive easement, which was commenced by service of a verified petition dated September 12, 2003, Sinclair Haberman and Belair Building, LLC, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 6, 2004, as granted that branch of the petitioner's motion which was for a preliminary injunction enjoining them from any further action with regard to the construction, alteration, modification, demolition, or repair of the subject real property, (2) from an order of the same court dated July 22, 2005, and (3) from so much of an order of the same court dated January 25, 2006, as denied their motion to modify the preliminary injunction, and the petitioner also appeals from the order dated July 22, 2005, and cross-appeals, as limited by its brief, from so much of the order dated January 25, 2006, as denied that branch of its cross motion which was for leave to amend the verified petition to add fifth, sixth, seventh, and eighth causes of action.

Motion by the petitioner to dismiss the appeal from the order dated December 6, 2004 on the ground that the appeal was untimely taken. By decision and order on motion of this Court dated March 24, 2006, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted; and it is further,

Ordered that the appeal from the order dated December 6, 2004, is dismissed (*see* CPLR 5513 [a]), without costs or disbursements; and it is further,

Ordered that the appeal by the petitioner from the order dated July 22, 2005 is dismissed, without costs or disbursements, as the petitioner is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the appeal by Sinclair Haberman and Belair Building, LLC, from the order dated July 22, 2005 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated January 25, 2006 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof" (CPLR 5513 [a]). The time period for filing a notice of appeal "is nonwaivable and jurisdictional" (*Jones Sledzik Garneau & Nardone, LLP v Schloss*, 37 AD3d 417 [2007]; *see Matter of Haverstraw Park v Runcible Props.*, 33 NY2d 637 [1973]; *Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999]). Service by Sinclair Haberman and Belair Building, LLC (hereinafter Haberman/Belair), on the petitioner of motion papers, which included a copy of the subject order stamped with the date of its entry and an affirmation by an attorney in support of the motion which referred to the enclosed order, was sufficient to trigger the 30-day period to take an appeal for both parties (*see Meyer v Meyer*, 228 AD2d 955, 955 [1996]; *see also Norstar Bank of Upstate NY v Office Control Sys.*, 78 NY2d 1110 [1991]; *cf. Zapata v County of Suffolk*, 23 AD3d 553, 554 [2005]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 404-405 [2003]). As the motion papers with the order and notice of entry were served on January 7, 2005, and a notice of the appeal from the order dated December 6, 2004, was filed no earlier than July 8, 2005, the appeal from that order was untimely taken and we grant the petitioner's motion to dismiss (*see* CPLR 5513 [a]).

In addition, the appeal by Haberman/Belair from the order dated July 22, 2005 must be dismissed, as that order did not decide the motion of Haberman/Belair, in effect, for summary judgment (*see Katz v Katz*, 68 AD2d 536, 542-543 [1970]) .

Contrary to the contention of Haberman/Belair, the Supreme Court, in the order dated January 25, 2006, providently denied their motion to modify the preliminary injunction, as Haberman/Belair failed to allege facts showing "compelling or changed circumstances that [would] render continuation of the injunction

inequitable" (*Wellbilt Equip. Corp. v Red Eye Grill*, 308 AD2d 411, 411 [2003]; *see Thompson v 76 Corp.*, 37 AD3d 450) or that "the evils which justified the prohibition [had] vanished" (*People v Scanlon*, 11 NY2d 459, 462 [1962], quoting *Enterprise Window Cleaning Co. v Slowuta*, 299 NY 286, 288 [1949]).

The Supreme Court also properly denied that branch of the petitioner's cross motion which was for leave to amend the verified petition to add fifth, sixth, seventh, and eighth causes of action. "[L]eave to amend pleadings under CPLR 3025 (b) is to be freely given provided that there is no prejudice to the nonmoving party and that the amendment is not plainly lacking in merit. . . The courts, however, should pass upon the proposed pleading's merit before granting leave to amend so as to promote judicial economy and avoid wasteful motion practice" (*Washington Ave. Assoc. v Euclid Equip.*, 229 AD2d 486, 487-488 [1996]; *see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]; *Clark v Trois*, 21 AD3d 439, 440 [2005]; *Gannett Suburban Newspapers v El-Kam Realty Co.*, 306 AD2d 314, 314-315 [2003]).

In this case, as none of the proposed fifth, sixth, seventh, or eighth causes of action stated a cognizable claim, the denial of the petitioner's application to add them to the verified petition was a provident exercise of discretion. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.