WASHINGTON DELUXE BUS, INC., Respondent, v SHARMASH BUS CORPORATION et al., Defendants, and ZANVEL BLUSENSTEIN et al., Appellants. [850 NYS2d 516]—

In an action, inter alia, for a permanent injunction, the defendants Zanvel Blusenstein, Vamoose, also known as Vamoosebus, and ExecuBus, Inc., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 16, 2006, as granted the plaintiff's motion for a preliminary injunction enjoining them from operating a bus route between New York and Washington, D.C., and (2) from an order of the same court dated December 4, 2006, which denied their motion pursuant to CPLR 6314 to modify the preliminary injunction.

Ordered that the order dated June 16, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 4, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In order to obtain a preliminary injunction, the movant must demonstrate the likelihood of ultimate success on the merits, irreparable harm if the injunction is not granted, and a balancing of the equities in its favor (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino,* 34 AD3d 536, 538 [2006]). The Supreme Court correctly determined that the plaintiff met its burden in this case.

The plaintiff established the likelihood of success on the

merits by demonstrating that the defendant Sharmash Bus Corporation was bound by a restrictive covenant not to compete with the subject bus route between New York and Washington, D.C., that the defendant Sol Wollner stole the plaintiff's customer list, and that the appellants knowingly used this stolen information to solicit the plaintiff's customers (*see Ingenuit, Ltd. v Harriff,* 33 AD3d 589, 590 [2006]; *cf. Apa Sec., Inc. v Apa,* 37 AD3d 502 [2007]; *Michael G. Kessler & Assoc., Ltd. v White,* 28 AD3d 724, 725 [2006]; *Pearlgreen Corp. v Yau Chi Chu,* 8 AD3d 460 [2004]). Secondly, the plaintiff came forward with strong evidence that the continued improper solicitation of its customers would result in irreparable harm (*see Eastern Bus. Sys. v Specialty Bus. Solutions,* 292 AD2d 336, 338 [2002]). Thirdly, the plaintiff established that the failure to grant the preliminary injunction would cause it greater harm than it would cause the appellants since the appellants were prohibited from operating only one of numerous bus routes, whereas the plaintiff's entire business consisted of this single bus route (*see Laro Maintenance Corp. v Culkin,* 255 AD2d 560, 561 [1998]).

The Supreme Court providently denied the appellants' motion to modify the preliminary injunction, as they failed to allege facts showing compelling or changed circumstances that would render continuation of the injunction in its present form inequitable (*see Matter of Xander Corp. v Haberman,* 41 AD3d 489, 490-491 [2007]; *Thompson v 76 Corp.,* 37 AD3d 450 [2007]; *Wellbilt Equip. Corp. v Red Eye Grill,* 308 AD2d 411 [2003]).

The appellants' remaining contentions are without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.