■ ROBERT G.A. THOMPSON et al., Respondents, et al., Plaintiffs, v 76 CORP., Doing Business as CLUB NEW YORK, et al., Defendants, and JAMAL BARROW, Also Known as "SHYNE," Respondent. DERSHOWITZ, EIGER & ADELSON, P.C., Nonparty Appellant. [865 NYS2d 233]—

In an action to recover damages for personal injuries,

nonparty Dershowitz, Eiger & Adelson, P.C., the former attorney for the defendant Jamal Barrow, also known as "Shyne," appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 28, 2007, which denied its motion to release to it the sum of $32,594.52, as an attorney's fee, from certain funds held in escrow pursuant to temporary restraining orders contained in two orders to show cause dated November 1, 2004 and November 3, 2004, respectively, and a preliminary injunction order dated March 16, 2005.

Ordered that the order dated February 28, 2007 is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendant Jamal Barrow, also known as "Shyne" and "Moses Leviy," was convicted of assault in the first degree and other offenses in connection with a December 27, 1999 shooting incident. He was sentenced to indeterminate concurrent terms of imprisonment with a maximum term of 10 years. The plaintiffs, alleging that they were victims of the shooting, commenced this action to recover damages for their personal injuries. While the action was pending, Barrow entered into a recording agreement with Island Def Jam Music Group (hereinafter Def Jam). The agreement called for him to receive up to $3 million for the first album he recorded, as well as 50 percent of Def Jam's net profits on that album. After entering into the agreement, Barrow allegedly received an advance payment in the sum of $500,000 (hereinafter the funds).

On or about August 30, 2004, pursuant to the "Son of Sam" law (Executive Law § 632-a), the New York State Crime Victims Board notified the plaintiffs of Barrow's contract with Def Jam. Subsequently, the plaintiff Natania Reuben moved for a preliminary injunction to prevent Barrow from dissipating the funds and any additional money he might receive in the future pursuant to the Def Jam contract. The Supreme Court issued temporary restraining orders, and then a preliminary injunction, preventing Barrow from disbursing the funds. The court, however, released the sum of $100,000 from the funds to Barrow in order for him, inter alia, to pay legal fees. Subsequently, nonparty Dershowitz, Eiger & Adelson, P.C. (hereinafter DEA), moved to release the sum of $32,594.52 from the funds to cover the unpaid portion of legal fees it allegedly earned in representing Barrow. The court denied the motion, and DEA appeals. We affirm.

The issue of whether the preliminary injunction was properly granted is not before us, inasmuch as the order granting it was not appealed. DEA's motion to release the sum of $32,594.52

from the funds is, in effect, a motion to modify or partially vacate the preliminary injunction. A motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court and may be granted upon "compelling or changed circumstances that render continuation of the injunction inequitable" (*Wellbilt Equip. Corp. v Red Eye Grill,* 308 AD2d 411 [2003] [internal quotation marks omitted]; *see* CPLR 6314; *Thompson v 76 Corp.,* 37 AD3d 450, 452-453 [2007]). On the record presented, we cannot conclude that the Supreme Court improvidently exercised its discretion in denying DEA's motion to release additional sums from the funds. DEA's contention that the court was bound to release the funds pursuant to the law of the case doctrine is without merit. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.