# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

563
CA 12-00624
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

IN THE MATTER OF NATIONAL FUEL GAS DISTRIBUTION
CORPORATION, PETITIONER-PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CITY OF JAMESTOWN, RESPONDENT-DEFENDANT-APPELLANT.

---

BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL),
FOR RESPONDENT-DEFENDANT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (JOHN G. SCHMIDT, JR., OF COUNSEL), FOR
PETITIONER-PLAINTIFF-RESPONDENT.

---

Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Supreme
Court, Erie County (Joseph R. Glownia, J.), entered January 23, 2012
in a CPLR article 78 proceeding and declaratory judgment action. The
order, among other things, denied the motion of respondent-defendant
to vacate the stay/preliminary injunction granted on September 17,
2010.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner) commenced this
hybrid CPLR article 78 proceeding and declaratory judgment action
against respondent-defendant, the City of Jamestown (City),
challenging the legality of section 175-3B of its Municipal Code
(Code) on various grounds. The challenged section of the Code charges
petitioner an annual fee of $26,000 to access its rights-of-way.
According to petitioner, the annual fee is unconstitutional because,
among other reasons, it bears no relation to the City's costs and
instead constitutes an unlawful attempt to raise revenue. Although
the City answered the initial petition/complaint, it failed to answer
the amended petition/complaint, prompting petitioner to move for a
default judgment. Supreme Court denied the motion but, as a condition
of that denial, the court issued a preliminary injunction "temporarily
enjoining" the City from enforcing section 175-3B of the Code against
petitioner or from otherwise charging petitioner to access its rights-
of-way. The City did not appeal from that order, which was entered in
September 2010. Approximately 13 months later, in October 2011, the
City moved pursuant to CPLR 6314 to vacate the preliminary injunction,
contending that a recent amendment to section 175-3B gave petitioner
all the relief it requests and thus constitutes a change of

circumstances that obviates the need for the preliminary injunction. The court denied the motion, and the City appeals.  We affirm.

As a preliminary matter, we note that the City advances several contentions that challenge the court's authority to issue the preliminary injunction in the first instance.  The City contends, for example, that petitioner failed to demonstrate irreparable harm and that, because the court had denied petitioner's request for a preliminary injunction at the outset of the proceeding/action, that decision was the law of the case that prohibited the court from later granting the same relief.  Because the City did not appeal from the order issuing the preliminary injunction, however, the propriety of the initial issuance of the preliminary injunction "is not before us" (*Thompson v 76 Corp.*, 54 AD3d 844, 845; *see generally Cheng v Oxford Health Plans, Inc.*, 84 AD3d 673, 675; *Eades v Tadao Ogura, M.D., P.C.*, 185 AD2d 266, 267).  Rather, the issue before us is whether the court properly refused to vacate the preliminary injunction based on the amendment to the City's Code.

On that issue, and contrary to the City's contention, the amendment does not afford petitioner all the relief it seeks in the amended petition/complaint.  Although the amended Code affords petitioner an option of paying a per-use access fee, petitioner does not request that relief in its pleadings.  The record makes clear that petitioner did not seek permission to obtain a permit every time it has to access the City's rights-of-way; instead, petitioner requested that the City be enjoined from charging it any fees "in excess of any constitutionally permissible fees" for excavating within the City's rights-of-way.  Indeed, as the City acknowledged in its response to an interrogatory, it would be impractical and unduly costly for both parties if petitioner applied for an individual permit each time it seeks access to City property.  We note that, if the City is correct that the amended Code affords petitioner all the relief that it seeks, there is no need to proceed further with this proceeding/action, and yet the City has not sought dismissal on that ground.  We thus conclude that the City failed to establish the existence of " 'compelling or changed circumstances that render continuation of the injunction inequitable' " (*Thompson*, 54 AD3d at 846; *see Board of Trustees of Town of Huntington v W. Wilton Wood, Inc.*, 97 AD2d 781, 782-783, *lv dismissed* 61 NY2d 605, 904).

Entered:  July 5, 2013                              Frances E. Cafarell
                                                    Clerk of the Court