■ LISA MAYER et al., Respondents, v ALBERTO VILAR, Appellant, et al., Defendants. [979 NYS2d 286]—

In light of the lengthy period since the seizure of defendants' assets in May 2005 and plaintiffs' unrebutted assertions of dire financial circumstances, among other factors, the court properly exercised its inherent power to vacate its own stay of execution of the judgments to be entered (*see Wellbilt Equip. Corp. v Red Eye Grill*, 308 AD2d 411 [1st Dept 2003]). We note, further, that defendant defaulted at the scheduled trial resulting in the vacatur order, which precludes his right to appeal the vacatur (*see Matter of Nyree S. v Gregory C.*, 99 AD3d 561, 562 [1st Dept 2012], *lv denied* 20 NY3d 854 [2012]).

Defendant failed to provide the transcript and exhibits from the damages trial establishing plaintiffs' losses of certain properties and insurance policies (*see Matter of Taschereau*, 93 AD3d 532 [1st Dept 2012], *lv denied* 19 NY3d 808 [2012]). Contrary to the contention in his appellate reply brief, the trial determined issues of fact and not of law, rendering the submission of the evidence a necessary element of his appeal. The evidence sufficiently established the causation and the amount of damages (*see generally Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 188-189 [1st Dept 2000]).

Notwithstanding defendant's assertion that plaintiffs' counsel attempted to subvert a federal restraint by bringing a separate turnover action, the contingency fee award is reasonable; notably, the fee arrangement preceded the October 2009 federal restraint, defendant's federal conviction and the resulting order of restitution.

We have considered defendant's other contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.