Wynkoop v 622A President St. Owners Corp. (2019 NY Slip Op 01451)





Wynkoop v 622A President St. Owners Corp.


2019 NY Slip Op 01451


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2015-09864
2015-10235
2015-10236
 (Index No. 6548/12)

[*1]Brett E. Wynkoop, et al., appellants, 
v
622A President Street Owners Corp., et al., respondents.


Antony Hilton, New York, NY, for appellants.
Mandel Bhandari, LLP, New York, NY (Rishi Bhandari and Donald Conklin of counsel), for respondents Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.) dated September 15, 2015, and (2) two orders of the same court, both dated October 16, 2015. The order dated September 15, 2015, granted the motion of the defendants Kyle Taylor and Rajeev Subramanyam to confirm a referee's report regarding a meeting of the shareholders of the defendant 622A President Street Owners Corp. The orders dated October 16, 2015, granted the motion of the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam to modify a preliminary injunction.
ORDERED that the orders are affirmed, with one bill of costs to the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam.
The plaintiffs and the defendants Kyle Taylor and Rajeev Subramanyam are shareholders in the defendant 622A President Street Owners Corp. (hereinafter the corporation). The defendant Hilary Taylor is married to Kyle Taylor. The plaintiffs commenced this action, alleging, inter alia, that the defendants Kyle Taylor and Rajeev Subramanyam wrongfully withheld maintenance payments and interfered with the conduct of board meetings. The plaintiffs sought, inter alia, damages for breach of contract and breach of fiduciary duty, as well as a judgment declaring that they are entitled to take certain actions involving, among other things, the use of the
a cellar within the corporation's building and the sublease of a unit within the building. The defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam (hereinafter the individual defendants) asserted counterclaims, inter alia, to recover damages for breach of contract and breach of fiduciary duty, alleging that the plaintiffs breached the corporation's proprietary lease by, among other things, improperly occupying the cellar and improperly subleasing the unit. The individual defendants also asserted, inter alia, that the plaintiffs breached their fiduciary duty to the corporation by wrongfully holding themselves out as directors or officers without the authority to do so, refusing to properly conduct shareholder meetings, and improperly using the corporation's resources.
By orders dated November 7, 2014, and April 13, 2015, the Supreme Court preliminarily enjoined all individual parties from purporting to act on behalf of the corporation, and directed a new election for a board of directors to be held, to be supervised by a referee.
Subsequently, the referee supervised a shareholders' meeting, which was held on May [*2]27, 2015, and prepared a report of that meeting. By order dated September 15, 2015, the Supreme Court granted the motion of Kyle Taylor and Rajeev Subramanyam to confirm the referee's report. By two orders dated October 16, 2015, the Supreme Court granted the motion of the individual defendants to modify the preliminary injunction by permitting them to act on behalf of the corporation.
" The report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility'" (Capili v Ilagan, 26 AD3d 354, 354, quoting Stone v Stone, 229 AD2d 388, 388; see Pittoni v Boland, 278 AD2d 396; Slater v Links at N. Hills, 262 AD2d 299). Here, the referee's report reflected the events of the shareholders' meeting and election, as set forth in the transcript of that meeting. Further, the referee was not required to make any findings of fact or credibility, and contrary to the plaintiffs' contention, the meeting minutes do not reflect that the referee failed to resolve any objections raised. Accordingly, we agree with the Supreme Court's determination to grant the motion of Kyle Taylor and Rajeev Subramanyam to confirm the referee's report (see Matter of Twin Bay Vil., Inc. v Kasian, 153 AD3d 998, 999-1000; Capili v Ilagan, 26 AD3d at 354).
A motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court and may be granted upon " compelling or changed circumstances that render continuation of the injunction inequitable'" (Thompson v 76 Corp., 54 AD3d 844, 846, quoting Wellbilt Equip. Corp. v Red Eye Grill, 308 AD2d 411; see CPLR 6314). In light of the events occurring subsequent to the issuance of the preliminary injunction, including the May 26, 2015, shareholders' meeting at which the individual defendants were elected to the board of directors of the corporation, changed circumstances rendered it inequitable to enjoin the individual defendants from acting on behalf of the corporation. Thus, we agree with the Supreme Court's determination to grant the individual defendants' motion to modify the preliminary injunction (see CPLR 6314; Cade v New York Community Bank, 18 AD3d 489, 491; cf. Matter of National Fuel Gas Distrib. Corp. v City of Jamestown, 108 AD3d 1045, 1046-1047).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court