456 Johnson, LLC v Maki Realty Corp. (2019 NY Slip Op 08384)





456 Johnson, LLC v Maki Realty Corp.


2019 NY Slip Op 08384


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-02381
2017-02446
 (Index No. 508197/16)

[*1]456 Johnson, LLC, respondent, 
v
Maki Realty Corp., appellant.


Becker & Poliakoff LLP, New York, NY (Glenn H. Spiegel and Oliver Edwards IV of counsel), for appellant.
Kucker & Bruh, LLP, New York, NY (Nativ Winiarsky of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 17, 2017, and an amended order of the same court dated March 10, 2017. The order dated February 17, 2017, insofar as appealed from, conditionally granted that branch of the defendant's motion which was to vacate a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) unless the plaintiff paid certain real estate taxes. The amended order dated March 10, 2017, denied the defendant's motion for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for summary judgment, inter alia, on so much of its first cause of action as was, in effect, for a judgment declaring that there was no uncured breach of the lease by the plaintiff.
ORDERED that the order dated February 17, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the amended order dated March 10, 2017, is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that there was no uncured breach of the lease by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2015, the defendant landlord, Maki Realty Corp., entered into a commercial lease with the plaintiff tenant, 456 Johnson, LLC, relating to certain real property located in Brooklyn. On or about April 28, 2016, the defendant served the plaintiff with a "Thirty (30) Day Notice to Cure" (hereinafter notice to cure), alleging several violations of the lease. The defendant demanded that the plaintiff cure all the violations listed in the notice to cure on or before May 31, 2016, and stated that if the violations were not cured by that date, the defendant would elect to terminate the lease.
On May 17, 2016, the plaintiff commenced this action, inter alia, to enjoin the defendant from terminating the lease and for a judgment declaring that it did not breach the terms of the lease as alleged in the notice to cure, and simultaneously moved by order to show cause for [*2]a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) enjoining the defendant from terminating the lease pending resolution of the action. In an order dated August 5, 2016, the Supreme Court granted the plaintiff's motion for a Yellowstone injunction on the condition that it, inter alia, pay real estate taxes in compliance with the lease.
The defendant then moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment, inter alia, on so much of its first cause of action as was for a judgment declaring that it did not breach the lease. The defendant also separately moved, inter alia, to vacate the Yellowstone injunction. The Supreme Court conditionally granted that branch of the defendant's motion which was to vacate the Yellowstone injunction, denied the defendant's motion for summary judgment dismissing the complaint, and granted the subject branch of the plaintiff's cross motion.
"A motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court and may be granted upon compelling or changed circumstances that render continuation of the injunction inequitable'" (Thompson v 76 Corp., 37 AD3d 450, 452-453, quoting Wellbilt Equip. Corp. v. Red Eye Grill, 308 AD2d 411, 411). In this case, the defendant failed to demonstrate that the Supreme Court's conditional granting of that branch of its motion which was to vacate the Yellowstone injunction was an abuse of discretion (see Town of Stanford v Donnelly, 131 AD2d 465). Accordingly, we agree with the court's determination conditionally granting that branch of the defendant's motion which was to vacate the Yellowstone injunction.
We also agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint, and granting the plaintiff's cross motion for summary judgment, inter alia, on so much of its first cause of action as was for a judgment declaring that it did not breach the lease. In support of its cross motion for summary judgment, the plaintiff submitted evidence establishing, prima facie, that it either did not breach the terms of the lease as alleged in the notice to cure or that it cured any alleged default in complying with the lease during the pendency of the Yellowstone injunction (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514; Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545). In opposition to the plaintiff's showing in this regard, the defendant failed to raise a triable issue of fact.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that there was no uncured breach of the lease by the plaintiff (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court