Pintilie v Town of E. Hampton (2025 NY Slip Op 00241)

Pintilie v Town of E. Hampton

2025 NY Slip Op 00241

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-09928
 (Index No. 206837/22)

[*1]Roxana Pintilie, et al., respondents, 
v
Town of East Hampton, defendant, Maidstone Gun Club, Inc., appellant.

LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (Lon J. Seidman and Joseph S. Maniscalco of counsel), for appellant.
Greenberg Traurig LLP, New York, NY (Sarah Elizabeth Catterson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendant Maidstone Gun Club, Inc., appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), entered September 5, 2023. The order denied that defendant's motion pursuant to CPLR 6314 to modify a temporary restraining order contained in an order to show cause of the same court dated November 30, 2022, so as to permit sound testing to be conducted at its property.
ORDERED that the order is affirmed, with costs.
The defendant Maidstone Gun Club, Inc. (hereinafter Maidstone), operates a gun club within one mile of properties owned by the plaintiffs, who live on Merchants Path in East Hampton. The plaintiffs commenced this action, inter alia, for injunctive relief permanently enjoining Maidstone's operations. The plaintiffs asserted, among other things, that over a period of years, numerous bullets originating from the gun club had struck their homes and that recently a bullet that originated from the gun club almost struck two contractors working at 137 Merchants Path. On November 30, 2022, the Supreme Court executed an order to show cause which contained a temporary restraining order enjoining Maidstone from operating the gun club pending a determination of the plaintiffs' motion for a preliminary injunction. In June 2023, Maidstone moved pursuant to CPLR 6314 to modify the temporary restraining order so as to permit sound testing to be conducted at its property. The court denied the motion. Maidstone appeals.
CPLR 6314 provides that a defendant enjoined by a temporary restraining order or a preliminary injunction may move at any time to vacate or modify it (see id.). The statute does not prescribe a standard for vacating or modifying such an injunction. However, "it is a basic principle of equity that, in a proper proceeding, the court that issued an injunction may modify its provisions to conform to changed conditions" (Board of Trustees of Town of Huntington v W. Wilton Wood, Inc., 97 AD2d 781, 782). "A motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court and may be granted upon compelling or changed circumstances that render continuation of the injunction inequitable" (Wynkoop v 622A President St. Owners Corp., 169 AD3d 1103, 1105 [internal quotation marks omitted]; see Thompson v 76 Corp., 54 AD3d 844, 846).
Here, the Supreme Court providently exercised its discretion in denying Maidstone's motion to modify the temporary restraining order so as to permit sound testing to be conducted at its property, as Maidstone failed to allege facts showing compelling or changed circumstances that would render continuation of the temporary restraining order in its present form inequitable (see Washington Deluxe Bus, Inc. v Sharmash Bus Corp., 47 AD3d 806, 807; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490-491).
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court