Matter of New York State Off. of Victim Servs. v Blue (2025 NY Slip Op 04206)

Matter of New York State Off. of Victim Servs. v Blue

2025 NY Slip Op 04206

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CV-23-1864
[*1]In the Matter of New York State Office of Victim Services, on Behalf of Sicong Liang, Respondent,
v
Anthony Blue, Appellant.

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

Anthony Blue, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (Susan Kushner, J.), entered September 12, 2023 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, among other things, denied respondent's motion to vacate a prior order granting a preliminary injunction.
Respondent is currently serving consecutive prison sentences as a result of a 2015 conviction for five counts of burglary in the second degree (see generally People v Blue, 42 NY3d 584[2024], cert denied ___ US ___ [June 6, 2025]). In November 2022, petitioner was notified by the Department of Corrections and Community Supervision that the funds available to respondent in his incarcerated individual account exceeded $10,000 (see Executive Law § 632-a [2] [a]). Petitioner alerted "all known crime victims of the existence of such profits or funds," one of whom notified petitioner that they were taking immediate steps to commence an action for money damages against respondent (Executive Law § 632-a [2] [c]). Petitioner then commenced this proceeding to obtain a preliminary injunction to "avoid the wasting of the assets" (Executive Law § 632-a [5] [c]). Following joinder of issue, Supreme Court granted the application in April 2023 and preliminarily enjoined respondent from disbursing, encumbering or otherwise dissipating funds in the account beyond the first $1,000. Respondent moved to vacate the preliminary injunction later that month, essentially repeating the arguments raised in his initial opposition that Supreme Court had considered and rejected. Supreme Court denied the motion in September 2023, and respondent appeals.
We affirm. There is no indication that respondent appealed from the order granting the preliminary injunction, and his arguments relating to "the propriety of the initial issuance of the preliminary injunction [are] not before us" on this appeal from the order denying his motion to vacate it (Matter of National Fuel Gas Distrib. Corp. v City of Jamestown, 108 AD3d 1045, 1046 [4th Dept 2013] [internal quotation marks and citation omitted]; see Wells Fargo Bank, N.A. v Chukchansi Economic Dev. Auth., 118 AD3d 550, 550 [1st Dept 2014]). To the extent that respondent suggests that Supreme Court lacked subject matter jurisdiction to issue the order granting the preliminary injunction, although that argument may be raised at any time (see Henry v New Jersey Tr. Corp., 39 NY3d 361, 367 [2023]), it is meritless (see NY Const, art VI, § 7; Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1271-1272 [3d Dept 2009]).
The sole remaining question before us is whether Supreme Court properly denied respondent's motion to vacate or modify the preliminary injunction, a motion that "is addressed to the sound discretion of the court and may be granted either upon compelling or changed circumstances that render continuation of the injunction inequitable or upon failure to proceed expeditiously" (Wellbilt Equip. Corp. v Red Eye Grill, 308 AD2d 411, 411-412 [1st Dept [*2]2003] [internal citations omitted]; see CPLR 6314; People v Scanlon, 11 NY2d 459, 462 [1962]; Pintilie v Town of E. Hampton, 234 AD3d 799, 800 [2d Dept 2025]). Respondent offered nothing on either score in his motion papers, instead advancing legal arguments as to why petitioner lacked authority to seek a preliminary injunction that could have been, and mostly were, raised in his original opposition to petitioner's application for one. Thus, Supreme Court properly denied the motion (see Lamouree v Ewart, 124 AD3d 602, 602-603 [2d Dept 2015]; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490-491 [2d Dept 2007]; cf. Ulster Home Care v Vacco, 100 NY2d 556, 558 [2003] [Court of Appeals decision after issuance of preliminary injunction affected likelihood of success on merits and warranted vacatur]).
Garry, P.J., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.