The CADLE COMPANY, Plaintiff,

v.

**BANKERS FEDERAL SAVINGS FSB, Defendant.**

No. 95–CV–4892.

United States District Court, E.D. New York.

July 1, 1996.

William G. O'Donnell, Sr., O'Donnell & Fox, P.C., New York City, for plaintiff.

James G. Marsh, O'Reilly, Marsh & Corteselli, P.C., Mineola, NY, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

### FACTS

On December 22, 1986, defendant Bankers Federal Savings issued a mortgage to the Glenwood Management Company in the amount of $775,000.00, secured by the premises at 2610 Glenwood Road. Title to the property thereafter was conveyed to 2610 Glenwood Owners Corp., a cooperative apartment corporation, subject to Banker Federal's mortgage. On December 30, 1987, Bankers Federal sold a 90% interest in a pool of mortgages to Beacon Federal Savings Bank (the "Loan Participation Agreement"). Included in this pool was the mortgage secured by the property at 2610 Glenwood Road. Beacon subsequently became insolvent, and was acquired as a controlled institution by the Resolution Trust Company ("RTC").

The mortgage secured by the property at 2610 Glenwood Road went into default on March 6, 1991. Bankers Federal commenced an action to foreclose the mortgage in the New York Supreme Court, Kings County, on August 29, 1991. A receiver was appointed by that court and a management company was retained to manage the building. That action is still pending.

In 1994, plaintiff Cadle Co. acquired 12 end-loans for individual units at 2610 Glenwood Road. On August 29, 1995, plaintiff purchased from the RTC the interest in the mortgage to the property at 2610 Glenwood Road that RTC had acquired from Beacon Federal Savings Bank.

Plaintiff's suit arises from its unhappiness with Bankers Federal's management of the mortgage foreclosure action. According to plaintiff, Bankers Federal's warehousing of past and future vacant apartments, and its refusal to make timely repairs on the apartments, constitutes a breach of the Loan Participation Agreement and a breach of its fiduciary duty to plaintiff under that Agreement. Cadle and Bankers Federal also dispute the nature and scope of the rights Cadle acquired when it purchased the RTC's interest in the mortgage to the property at Glenwood Road. Cadle alleges that Bankers Federal refuses to recognize its interest as a 90% owner of this mortgage. Cadle also asserts that because of Bankers Federal's breach of the Loan Participation Agreement, it has succeeded to Bankers Federal's right and title in the foreclosure action pending in the state court. Plaintiff asks the court for a declaratory judgment to that effect, and also asks the court to impose a constructive trust on the premises.[1]

On February 9, 1996, the court heard defendant's motion to dismiss this case for reasons of improper venue pursuant to Fed. R.Civ.P. 12(b)(3). That motion was denied. On the same date, the Court heard plaintiff's motion for a preliminary injunction; that motion was denied as well. At oral argument on these motions, the court suggested to the parties that they consider withdrawing this action in light of the concurrent proceeding to foreclose the property pending in state court. The parties did not adopt the Court's suggestion; instead, defendant answered the complaint and asserted four counterclaims against plaintiff.[2]

---

1. Plaintiff's requests for a preliminary injunction directing Bankers Federal to permit the receiver to rent the vacant apartments, and for a temporary restraining order restraining defendant from taking any steps to foreclose on the Premises until further order of this court, were previously denied by the court.

2. Bankers Federal's first claim, for tortious interference of contract, asserts that Cadle's actions in disrupting the foreclosure action pending in state court interfered with the mortgage agreement between Bankers Federal and the 2610 Glenwood Owners Corp. by hindering Bankers Federal's rights to effectuate a remedy upon the

The court heard plaintiff's motion to dismiss defendant's counterclaims on May 3, 1996. At oral argument on plaintiff's motion to dismiss, the parties again were asked whether the concurrent proceeding in state court did not render this action duplicative and gratuitous. When the parties once again declined to withdraw the action, they were asked to brief the question of the applicability of the doctrine of abstention to this case. The court reserved decision on plaintiff's motion to dismiss defendant's counterclaims pending resolution of the abstention issue.

In response to the court's request, Bankers Federal has submitted to this court that it is prepared to acknowledge that Cadle is a party to the foreclosure proceedings and that Cadle may appear in the mortgage foreclosure action in the state court. Bankers Federal has consented to a discontinuance of this action or a stay of these proceedings based on the above. Cadle does not consent to a discontinuance or a stay of this action based on the representations made by Bankers Federal. Cadle asserts that its rights will not be adequately protected unless Bankers Federal acknowledges Cadle's right to intervene in the state court action in the capacity of plaintiff, or 90% owner of the Glenwood Road mortgage. In effect, Cadle asks that Bankers Federal concede the precise issue being litigated by the parties in this Court, namely Cadle's status vis a vis the first mortgage on the property, before it will consent to a stay or discontinuance of this action.

### DISCUSSION

■ Federal courts have a "virtually unflagging obligation to exercise the jurisdiction conferred upon them by Congress." *See Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 813, 817–18, 96 S.Ct. 1236, 1244, 1246–47, 47 L.Ed.2d 483 (1976). However, this duty is not absolute. *See Quackenbush v. Allstate Insur. Co.,* ––– U.S. –––, –––––––, 116 S.Ct. 1712, 1723–24, 135 L.Ed.2d 1 (1996). The Supreme Court has held that the discretion historically enjoyed by courts of equity has invested the federal courts with the authority, in certain circumstances, to decline to assert their jurisdiction. *Quackenbush* at –––, 116 S.Ct. at 1727. Thus, federal courts may abstain from hearing an action in exceptional circumstances where denying a federal forum would "clearly serve" a countervailing interest, such as "proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration." *Quackenbush* at ––––––, 116 S.Ct. at 1723–24 (quoting *Colorado River v. United States* ). Applying these principles, the Court has found exceptional circumstances to exist where the federal action in question is duplicative of a pending state proceeding. *Quackenbush* at –––––––, 116 S.Ct. at 1723–24.

■ In *Quackenbush,* the Court emphasized that the abstention doctrine applies not only where federal jurisdiction is derived from the equitable power of the court, but extends "to all cases in which a federal court is asked to provide some form of discretionary relief." *Quackenbush* at –––, 116 S.Ct. at 1728. In particular, the Court has held that the unique discretionary authority granted to the district courts by virtue of the Declaratory Judgment Act, 28 U.S.C. § 2201, renders the application of the abstention doctrine to suits brought under that Act appropriate. *See Wilton v. Seven Falls Co.,* ––– U.S. –––, –––, 115 S.Ct. 2137, 2141, 132 L.Ed.2d 214 (1995) ("Distinct features of the Declaratory Judgment Act ... we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone [Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ]"); *Brillhart v. Excess Insur. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). Thus, in suits brought under the Declaratory Judgment

borrower's default under the terms of that agreement. The second claim asks the Court for a declaratory judgment that plaintiff's interest in the Loan Participation Agreement is limited to its right to receive a remittance from defendant. Defendant's third claim asserts that plaintiff breached the Loan Participation Agreement, to which it is a party by virtue of its status as an assignee of the RTC, when it challenged Bankers Federal's servicing of the mortgage and interfered in the foreclosure action. Defendant's fourth counterclaim is for attorneys' fees.

Act, "considerations of practicality and wise judicial administration" take precedence over the otherwise prevailing doctrine that federal courts should adjudicate claims within their jurisdiction. *Wilton* at ——–——, 115 S.Ct. at 2142–43

 Declaratory judgment actions which have as their underlying basis rights that are essentially governed by state law present particularly appropriate cases for application of the abstention doctrine. *See Quackenbush* at ——, 116 S.Ct. at 1724 (citing cases). Plaintiff's action asks this court for a declaratory judgment regarding the rights of the parties to a mortgage, rights which are, and historically have been, governed by state law. This action thus fits precisely within the ambit of those cases where the Supreme Court has held the district court's exercise of its abstention authority to be proper.[3]

Application of the factors enunciated by the Supreme Court in *Colorado River v. United States* also indicates that this case presents the appropriate circumstances for the court's application of its abstention authority. *Colorado River* enunciated several factors relevant to the district court's decision to abstain where concurrent state proceedings are pending: (1) prior assumption of jurisdiction over the property in the state court; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River* at 818, 96 S.Ct. at 1246–47. The second *Colorado River* factor is not relevant here. However, the remaining three factors weigh heavily in favor of abstention. The Kings County Court clearly had prior jurisdiction over the res, the mortgage foreclosure action having been properly filed in that court approximately four years before the present dispute found its way to this court. In addition, for this court to consider and rule on the rights of parties to a mortgage, when that mortgage is currently the subject of litigation pending in state court,

undoubtedly would lead to piecemeal litigation.

Furthermore, the absence of any significant federal interests in this action provides additional grounds for abstention. The action presents no claims based on federal law; the only basis for this court's jurisdiction is the diversity of the parties pursuant to 28 U.S.C. § 1332. Balancing the "strong federal interest" in having certain classes of cases and certain federal rights adjudicated in federal court against the state's interests in maintaining "uniformity in the treatment of an essentially local problem" *see Quackenbush* at ——, 116 S.Ct. at 1727, the federal interests weigh in a distant second.

Since its decision in *Colorado River,* the Supreme Court has made clear that a district court "might be indulging in 'gratuitous interference' " if it permits a federal declaratory action to proceed, where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court." *Wilton* at ——, 115 S.Ct. at 2141 (citing *Brillhart v. Excess Insur. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942)). After careful considerations of both parties' papers submitted in connection with three motions made before this court, and after several oral arguments on this issue, the court finds that the claims of all parties in interest can satisfactorily be adjudicated in the state court proceedings currently pending. The court's finding necessarily renders this action for a declaratory judgment duplicative, and its invocation of the abstention doctrine is therefore proper. *Haagen–Dazs Shoppe Co., Inc. v. Born,* 897 F.Supp. 122, 126 (S.D.N.Y.1995) (quoting *Brillhart* at 493–97, 62 S.Ct. at 1174–77).

 The abstention doctrine may be invoked either through a stay or dismissal of the action. In *Quackenbush,* the Court distinguished between cases in law, where outright dismissal or remand is rarely proper, although a stay is sometimes appropriate, and cases seeking equitable or otherwise discretionary relief, where a district court has

---

**3.** Plaintiff's request that the court impose a constructive trust on the premises also clearly seeks equitable relief and therefore constitutes proper grounds for application of the abstention doctrine.

the power to decline to exercise jurisdiction altogether through either dismissal or remand. *Quackenbush* at ——– – ——, 116 S.Ct. at 1724–25. Because this action is one for a declaratory judgment and the relief requested is discretionary with this court, dismissal of the case is appropriate. As the court finds no purpose would be achieved through staying rather than dismissing the action, it invokes its discretionary authority to dismiss this case.

SO ORDERED.