■ FOUR WINDS OF SARATOGA, INC., Appellant, v BLUE CROSS AND BLUE SHIELD OF CENTRAL NEW YORK, INC., Respondent. [660 NYS2d 236] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 21, 1996 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

The basis for this action arises out of treatment rendered by plaintiff to certain patients allegedly covered by health benefit contracts issued by Blue Cross and Blue Shield. Plaintiff's complaint stems from defendant's denial of coverage to these patients after determining that the services rendered by plaintiff were not medically necessary and were not covered benefits under the terms of the patients' health benefit contracts with Blue Cross and Blue Shield. Defendant had entered into provider agreements with a number of hospitals which provide for direct payment to them for covered services rendered to its subscribers and their dependents. Plaintiff is not the beneficiary of a provider contract with defendant.

Plaintiff sought compensation for the services rendered to defendant's policyholders alleging breach of contract, violation of 11 NYCRR 52.16, breach of the duty of good faith and fair dealing, violation of Insurance Law § 2601 and a violation of General Business Law § 349. Defendant's motion for summary judgment dismissing the complaint against it was granted by Supreme Court.

Summary judgment is appropriate where there is no issue of fact requiring resolution by the finder of fact (*Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 182). In a circuitous argument, plaintiff urges that in requiring plaintiff to provide care to members of Empire Blue Cross and Blue Shield (hereinafter Empire) with whom plaintiff has a provider agreement, and because Empire is a signatory to the "Inter-Plan Service Benefit Bank Agreement" (hereinafter Inter-Plan Agreement) as to which defendant is also a signatory, plaintiff urges that it is entitled to collect from defendant under the Inter-Plan Agreement. While not urging incorporation by reference, plaintiff is attempting to

carve out a contractual relationship for itself vis-à-vis defendant based on the Inter-Plan Agreement. This agreement was made by certain independent Blue Cross and Blue Shield corporations which, at the time in question, provided a mechanism for the servicing and payment of subscriber claims for treatment rendered its signatory members serviced in another Blue Cross and Blue Shield service area. While plaintiff and Empire have a provider agreement between them, only Empire is a signatory to the Inter-Plan Agreement, as is defendant. Defendant and Empire were not linking their corporations through their contract obligations pursuant to the Inter-Plan Agreement. Since plaintiff has failed to establish contractual privity with defendant, Supreme Court properly dismissed plaintiff's claims based on breach of contract (see, Goldenberg v Bartell Broadcasting Corp., 47 Misc 2d 105, 108). There being no contractual relationship, neither can there be any "covenant of good faith and fair dealing" implied which itself is based on the existence of a legal contractual obligation.

Plaintiff, relying on a meeting and correspondence with defendant's representatives, contends that defendant should be estopped from denying plaintiff's claims. Contentions of estoppel are inapplicable in the absence of a contractual relationship. Regardless of what conclusions could be drawn from the communications with plaintiff, 13 of 18 patients received services before their occurrence and thus the existence of reliance was not established. The correspondence, furthermore, carried no explicit promise of payment, defendant retaining its right to deny approval in any event.

Regarding plaintiff's allegation that defendant violated General Business Law § 349 (a), which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce", we note that this statute has to do with acts and practices which "have a broad impact on consumers at large" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). The instant claim between these two parties is not a cause of action in contemplation of this statute and was properly dismissed. The statute provides no private enforcement procedures and was properly dismissed.

Plaintiff has apparently abandoned on appeal any claims regarding its cause of action based on the Insurance Department's regulations and the Insurance Law, and we decline to consider them further.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.