■ MEDICAL SOCIETY OF THE STATE OF NEW YORK, Appellant, v OXFORD HEALTH PLANS, INC., et al., Respondents. [790 NYS2d 79]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 24, 2003, which, in an action by a medical society seeking to enjoin defendant health insurers from engaging in various practices that have allegedly harmed such of plaintiff's members as have joined defendants' network of physicians, granted defendants' motion to dismiss the action pursuant to CPLR 3211, unanimously affirmed, without costs.

Plaintiff does not have standing to sue defendants on behalf of its members who have been injured by defendants' practices because all such members have agreed to arbitrate their disputes with defendants (*see Connecticut State Med. Socy. v Oxford Health Plans [CT], Inc.,* 2001 WL 1681903,*5-6, 2001 Conn Super LEXIS 3555, *16-18 [Conn Super Ct, Dec. 13, 2001]; *Medical Socy. of N.J. v Oxford Health Plans,* NJ Super Ct, Chancery Div, Mercer County, Sept. 22, 2003, Docket No. C-64-02, slip op at 7-8).

Moreover, plaintiff does not have a private right of action under either Insurance Law § 3224-a, imposing standards for prompt and fair settlement of claims for payment for health care services, or Public Health Law § 4406-c, prohibiting certain practices by health insurers. Even if these statutes were enacted to benefit health care providers who contract with health insurers, plaintiff has not shown that it—a medical association—"is one of the class for whose particular benefit the statute[s] w[ere] enacted" (*Carrier v Salvation Army,* 88 NY2d 298, 302 [1996]). It would be particularly incongruous to allow plaintiff to sue when its members, assuming they have private rights of action, have to arbitrate their claims against defendants (*see Medical Socy. of N.J.,* slip op at 19).

Nor does plaintiff state a cause of action for violation of Gen-

eral Business Law § 349. To do so, plaintiff must show, inter alia, that defendants' challenged acts and practices are "consumer-oriented" (*Stutman v Chem. Bank*, 95 NY2d 24, 29 [2000]). "[C]onsumers" are "those who purchase goods and services for personal, family or household use" (*Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73 [2000], citing *Cruz v NYNEX Info. Resources*, 263 AD2d 285, 289 [2000]). Defendants' acts and practices are directed at physicians, not consumers (*see Four Winds v Blue Cross & Blue Shield*, 241 AD2d 906, 907 [1997]; *but see Greenspan v Allstate Ins. Co.*, 937 F Supp 288, 294 [SD NY 1996]).

General Business Law § 349 also requires that plaintiff be injured *by reason of* defendants' acts and practices (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). While plaintiff's members could show such a causal connection, plaintiff's injury is too remote (*see Connecticut State Med. Socy. v Oxford Health Plans [CT], Inc.*, 2002 WL 31501871, 2002 Conn Super LEXIS 3427 [Conn Super Ct, Oct. 25, 2002], *affd* 272 Conn 469, 863 A2d 645 [2005]) Concur—Andrias, J.P., Sullivan, Ellerin and Sweeny, JJ.