

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2007

# Sutter v. Oxford Health Plans

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sutter v. Oxford Health Plans" (2007). *2007 Decisions.* Paper 1555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5223

———

JOHN IVAN SUTTER, M.D.,
<u>Appellee</u>

v.

OXFORD HEALTH PLANS LLC,
<u>Appellant</u>

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-02198)
District Court Judge: Honorable Joseph A. Greenaway, Jr.

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

———

Before: BARRY, VAN ANTWERPEN and JOHN R. GIBSON,[*] <u>Circuit Judges</u>.

(Filed February 28, 2007)

———

OPINION OF THE COURT

———

---

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit.

JOHN R. GIBSON, Senior Circuit Judge:

This is an appeal from a denial of a motion to vacate an arbitration award. Oxford Health Plans LLC appeals the arbitrator's partial final class determination award certifying a class action in a dispute between Oxford and John Ivan Sutter, M.D. Oxford argues that the District Court erred in the standard of review used to analyze the arbitrator's decision and erred in concluding that the arbitrator did not exceed his powers or manifestly disregard the law. For the following reasons, we affirm the decision by the District Court.

Sutter is a New Jersey pediatrician and on April 12, 2002, filed a class action complaint against Oxford and other health insurers in the Superior Court of New Jersey. The case was severed as to each defendant, and on October 25, 2002, the New Jersey Superior Court granted Oxford's motion to compel arbitration. Sutter's cases against three of the insurers, Cigna, United Healthcare, and HealthNet, were removed to federal court and transferred to a Multi-District Litigation in the Southern District of Florida as "Provider Track Tag-Along" actions. It was regarding this related dispute that the Eleventh Circuit issued its opinion in Klay v. Humana, Inc., 382 F.3d 1241 (11th Cir. 2004), cert denied, 543 U.S. 1081 (2005).

On December 11, 2002, Sutter and Oxford began arbitration before a single arbitrator, William L.D. Barrett. In the dispute between Sutter and the health carriers, Sutter alleged that the carriers failed to pay medical claims timely and correctly under New Jersey law. Specifically, Sutter argued that the carriers did the following: (1) failed to make prompt and timely payment of medical claims; (2) refused to provide

-2-

compensation for procedures performed by improperly "bundling" them with other procedures; (3) reduced payments by changing or "downcoding" claims to reflect less expensive procedures; and (4) refused to provide appropriate compensation where additional medical services are required–known as the refusal to recognize "modifiers." In the arbitration with Oxford, Sutter sought class certification so as to represent all physicians who provided services to any person covered by Oxford during a specific eight-year period.  On March 25, 2005, Barrett issued a partial final class determination award, where he defined the class of claimants and certified the class.  On April 25, 2005, Oxford filed a motion in the United States District Court for the District of New Jersey to vacate the arbitration award together with a motion to stay pending transfer, both of which the District Court denied.  Oxford now brings the present appeal.

## I.

We review a district court's ruling on a motion to vacate an arbitration award *de novo*.  See Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1509 (3d Cir. 1994). As a threshold matter, Oxford argues that the District Court used the wrong standard of review in deciding Oxford's motion to vacate.  Normally, our review of arbitration awards is "extremely deferential."  Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003). Parties, however, may agree to vacatur standards other than those specified in the Federal Arbitration Act ("FAA").  Roadway Package Sys. Inc. v. Kayser, 257 F.3d 287, 293 (3d Cir. 2001).  In order for a court to recognize a standard other than that specified in the FAA, the parties must manifest a clear intent.  Id.

In the instant case, the agreement between Sutter and Oxford specified that all

disputes "shall be submitted to final and binding arbitration in New Jersey, pursuant to the rules of the American Arbitration Association."  The American Arbitration Association's Supplementary Rules for Class Arbitrations ("AAA Rules") allow for "judicial review" within 30 days of a class determination award.  The AAA Rules also require that class determinations be set forth in a "reasoned, partial final award."  Oxford argues that, "[a]s a matter of logic, these rules envision *de novo* review at least as to whether proper legal standards have been applied and followed."  (Appellant's Brief at 23).

Oxford's argument is not persuasive.  While the AAA Rules call for judicial review, they never specify what standard of review the courts should use.  Considering the silence of the AAA Rules on this issue, we are unable to conclude that the parties manifested a clear intent to opt out of the FAA rules.  See Roadway, 257 F.3d at 293. ("We do not believe that [an arbitration clause and a generic choice of law clause] demonstrate a clear intent to displace the FAA's vacatur standards and replace them with ones borrowed from Pennsylvania law."); see also Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995) ("At most, the choice-of-law clause introduces an ambiguity into an arbitration agreement that would otherwise allow punitive damages awards.").  We therefore conclude that the District Court did not err in applying a highly deferential standard of review.

## II.

Oxford argues that the arbitrator's award both exceeded his authority and was a manifest disregard of the law by failing to perform the required predominance analysis and by allowing Sutter to relitigate already decided issues.  When determining whether an

-4-

arbitrator exceeded his authority, we have used a two-step process: (1) we must be able to rationally derive the form of the award either from the agreement between the parties or from their submissions to the arbitrators, and (2) the terms of the arbitral award must not be completely irrational. Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., 868 F.2d 52, 56 (3d Cir. 1989). Similarly, an award may not be vacated simply because the arbitrator made an error of law, but only because "the arbitrator's decision evidences manifest disregard for the law." Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc., 773 F.2d 530, 533 (3d Cir. 1985).

Here, the arbitrator neither exceeded his authority nor evidenced manifest disregard for the law. The arbitrator individually went through each requirement for a class action set forth in Rule 4 of the AAA Rules. He examined the effect of the Klay decision at length before deciding that it was not directly applicable to the present case. Finally, he analyzed the issue of collateral estoppel and provided extensive reasoning for why it was not applicable. Reviewing the arbitrator's decision, there is no basis for determining that the decision was irrational or evidenced manifest disregard for the law.

We AFFIRM the judgment of the District Court.