(May 31, 2011)

■ Albert Cheng, M.D., et al., Respondents, v Oxford Health Plans, Inc., et al., Appellants. [923 NYS2d 533]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 5, 2009, which denied defendants' motion to vacate a September 25, 2008 arbitration award certifying a class, unanimously affirmed, without costs.

In July 1998, plaintiff Robert Scher, an ophthalmologist, entered into a consultant physician agreement with defendant Oxford Health Plans of New York, Inc. whereby Scher agreed to be a participating provider in Oxford's health plan. On August 15, 2001, Scher and two other physicians filed a complaint in Supreme Court asserting claims against Oxford for breach of contract and violations of various statutes. Oxford successfully moved to compel arbitration, and on March 8, 2005, Scher filed a demand for class arbitration with the American Arbitration Association (AAA). In that demand, Scher alleged that Oxford engaged in a scheme to deny and reduce reimbursement amounts to Scher and other similarly situated participating providers.

Under the AAA Supplementary Rules for Class Arbitrations (the Class Rules), the arbitration proceeds in three phases. First, the arbitrator renders a partial award determining whether the applicable arbitration clause permits arbitration on behalf of a class (Class Rules rule 3). Next, the arbitrator renders a second partial award on whether the arbitration should proceed as a class arbitration, i.e., whether the class should be certified (Class Rules rules 4, 5). At the end of the arbitration, the arbitrator renders a final award on the merits. Under the Class Rules, after each award is issued, the parties are permitted to move in Supreme Court to confirm or vacate the award.

On March 7, 2006, the arbitration panel rendered an award determining that the parties' arbitration clause permitted class arbitration (clause construction award). That award was vacated by a prior order of Supreme Court, but on appeal, this Court reversed and reinstated the award (45 AD3d 356 [2007]). On September 25, 2008, the arbitration panel rendered an award certifying the class (class certification award). Oxford moved to vacate that award and in an order entered November 5, 2009, Supreme Court denied the motion and confirmed the award. Oxford now appeals from the November 5 order confirming the class certification award.

Contrary to Oxford's contention, *Stolt-Nielsen S.A. v Animal-Feeds Int'l Corp.* (559 US —, 130 S Ct 1758 [2010]) does not control the issues in this particular appeal. In *Stolt-Nielsen*, the Court addressed whether a clause construction award was properly confirmed. Here, however, the order appealed from is the class certification award, not the clause construction award.

Neither the arbitrator's class certification award nor the order on appeal made any findings on whether the arbitration clause permitted class arbitration. Oxford is, in effect, seeking further review of the clause construction award. However, the clause construction award, which was previously confirmed by this Court (45 AD3d 356 [2007]), is not properly before us on this appeal (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Matter of Lisa Joy J. v Scott Hunter S.*, 77 AD3d 497 [2010]). Oxford did not seek any relief from the court below after *Stolt-Nielsen* was decided. Having failed to do so, it cannot raise this new legal issue in this Court on the appeal from an entirely different order.

We find that the arbitration panel neither exceeded its powers nor manifestly disregarded the law in certifying the class. With respect to typicality, "[t]he requirement is satisfied even if the class representative cannot personally assert all the claims made on behalf of the class" (*Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 22 [1991]). In any event, Scher submitted evidence—his deposition testimony—that he had been subjected to all the practices included in the class action demand, such as downcoding. In addition, the arbitration panel explained why the "balance billing" defense that Oxford claims is unique to Scher would not impermissibly become the focus of the arbitration (*see In re Initial Pub. Offering Sec. Litig.*, 243 FRD 79, 85, 91 [SD NY 2007]).

With respect to predominance, the arbitration panel did not manifestly disregard the law by finding that questions of law or fact common to the class members predominate over questions affecting only individual members (*see Sutter v Oxford Health Plans LLC*, 227 Fed Appx 135, 138 [3d Cir 2007]), at least for the liability phase. Contrary to Oxford's argument, the breach of contract of which the plaintiff class complains is not every individual instance of underpayment. As the panel has not yet decided whether to bifurcate liability and damages, Oxford's argument in reliance on *McLaughlin v American Tobacco Co.* (522 F3d 215, 232 [2d Cir 2008]) is premature.

Oxford's reliance on *Medical Socy. of State of N.Y. v Oxford Health Plans, Inc.* (15 AD3d 206 [2005]) for the proposition that the plaintiff class has no private right of action under Insurance Law § 3224-a and Public Health Law § 4406-c is misplaced. The plaintiff in *Medical Socy.* was a medical association, not individual doctors. We found that the association did not belong to the class intended to benefit from those statutes, but did not reach the question of whether an individual has a private right of action (15 AD3d at 206).

We have considered Oxford's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32602(U).]**