PRECISION IMAGING OF NEW YORK, P.C., Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

17 Civ. 2567 (JSR)

United States District Court,
S.D. New York.

Signed June 25, 2017

Filed 06/26/2017

Bradly Gurion Marks, The Law Offices of Bradly G. Marks, New York, NY, David Michael Barshay, Baker Sanders, LLC, Garden City, NY, for Plaintiff.

Barry Scott Cohen, Ellen A. Burach, Frank Jack Piccininni, Joshua Ferguson, Abrams, Cohen & Associates, New York, NY, for Defendant.

## MEMORANDUM

### JED S. RAKOFF, U.S.D.J.

By "bottom-line" order dated June 13, 2017, the Court granted in part and denied in part defendant Allstate Insurance Company's motion to dismiss the complaint. See Order dated June 13, 2017, ECF No. 20. This Memorandum explains the reasons for those rulings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing a motion to dismiss, the Court "accept[s] the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 156–57 (2d Cir. 2017).

The relevant allegations are as follows. Plaintiff Precision Imaging of New York, P.C. ("Precision") is a New York-based radiology practice owned by Dr. Jacoby Lichy and Dr. Thomas M. Kolb. First Amended Complaint ("FAC"), ECF No. 16–1, ¶¶ 8–10. Defendant Allstate Insurance Company ("Allstate"), which is headquartered in Illinois, sells auto insurance policies in New York State. Id. ¶ 11–12.

Precision provides radiology services to Allstate's insureds and submits claims for reimbursement to Allstate. Id. ¶¶ 28–30, 35–39. Precision's invoices to Allstate divide its radiology services into a "professional component" and a "technical component." Id. ¶ 23. Precision bills the services of its radiology technicians (sometimes called "technologists"), who perform MRI scans but do not interpret them, under the technical component of its bills, where it marks the technicians as Precision's employees. Id. ¶¶ 25, 40. Although the technicians do not work at Precision's headquarters, Precision allegedly supervises them and exercises a marked degree of control over them. See id. ¶¶ 24–27, 46–64.

From around October 2012 to some point in 2016, Allstate paid the technical components of Precision's invoices. Id. ¶¶ 41–45. Allstate then conducted an investigation of Precision, including taking Dr. Lichy's testimony under oath, and decided that Precision's radiology technicians were independent contractors, not employees. Id. ¶¶ 42–44. In Allstate's view, Precision was therefore ineligible for direct payment reimbursement of the technical component of the invoices. Id. ¶¶ 44–45. Since then, Allstate has denied Precision's claims for technician services. Id. ¶ 45.

On April 10, 2017, Precision instituted this action, seeking a declaratory judgment that its radiology technicians are employees, not independent contractors (Count I), and damages for violations of New York General Business Law ("GBL") § 349 (Count II). See Complaint, ECF No. 1. On May 15, 2017, Allstate moved to dismiss the complaint. See Memorandum of Law in Support of Defendant Allstate Insurance Company's Motion to Dismiss the Complaint, ECF No. 13. On May 28, 2017, Precision filed answering papers and a proposed amended complaint aimed principally at correcting deficiencies in its GBL § 349 claim. See Memorandum of Law in

Opposition to Defendant's Motion to Dismiss the Complaint and, Alternatively, in Support of Plaintiff's Cross–Motion for Leave to Amend the Complaint, ECF No. 17. On June 5, 2017, Allstate filed reply papers. See Reply Memorandum of Law in Further Support of Defendant Allstate Insurance Company's Motion to Dismiss the Complaint, ECF No. 18. The Court heard oral argument on June 12, 2017, at which time it accepted the proposed amended complaint for filing. See Transcript dated June 12, 2017. Thereafter, as noted, on June 13, 2017, the Court granted in part and denied in part Allstate's motion.

■ Allstate first argues that the Court should decline to exercise jurisdiction over Precision's declaratory judgment claim. District courts have broad discretion to decline jurisdiction over actions for declaratory relief that they would otherwise be authorized to hear. Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist., 673 F.3d 84, 104 (2d Cir. 2012). This is an exception to the bedrock principles that "abstention is generally disfavored" and that "federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." Id. at 100 (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

■ In deciding whether to decline jurisdiction over declaratory judgment claims, courts consider the following five factors:

(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved[,] ... (2) whether a judgment would finalize the controversy and offer relief from uncertainty[,] ... (3) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata,' (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court, and (5) whether there is a better or more effective remedy.

Id. (internal quotation marks and citation omitted) (citing Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359–60 (2d Cir. 2003) (per curiam)). Allstate argues that abstention is warranted for three basic reasons, none of them convincing.

■ First, Allstate argues that Dow Jones factors # 1 and # 2 favor abstention because the declaration here sought, i.e., that Precision's radiology technicians are employees, rather than independent contractors, would result only in incomplete relief. See Am. Home Assurance Co. v. Babcock & Wilcox Co., No. 06-cv-6506, 2007 WL 4299847 (E.D.N.Y. Dec. 6, 2007) (declining jurisdiction where the relief sought "may resolve some of the legal relations in issue, [but] it will not resolve them all, nor is it likely to terminate the controversy giving rise to the proceeding"); Panama Processes S.A. v. Cities Serv. Co., 362 F.Supp. 735, 738 (S.D.N.Y. 1973) ("[T]he declaratory judgment remedy should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy." (internal quotation marks omitted)). Here, Allstate argues that it has several non-waivable defenses to Precision's claims for reimbursement other than the independent contractor ground.[1] Thus,

---

1. In all, Allstate argues that it has four non-waivable defenses to Precision's claims: "billing above the fee schedule," see Saddle Brook Surgicenter, LLC v. Allstate Ins. Co., 48 Misc.3d 336, 8 N.Y.S.3d 875 (Bronx Civ. Ct. 2015); "services were not provided," see Optimal Well-Being Chiropractic, P.C. v. Utica Mut. Ins. Co., 44 Misc.3d 136, 999 N.Y.S.2d 797, 797 n.1 (2d Dep't 2014) (table); "a provider is fraudulently licensed," see Midwood

as Allstate sees it, a declaration that the technicians are employees would only lead to a series of further billing disputes.

The Court is not persuaded. As an initial matter, some of the non-waivable defenses offered by Allstate are obviously speculative, such as "the defense of a staged automobile accident," see Manhattan Med. Imaging, P.C. v. State Farm Mut. Auto. Ins. Co., 20 Misc.3d 1144(A), 873 N.Y.S.2d 235 (Richmond Civ. Ct. 2008) (table), and thus provide no basis whatsoever for abstention. Moreover, even assuming arguendo that Allstate might have valid defenses to certain individual claims or portions thereof—in particular, Allstate urges that overbilling was a persistent problem—that would not render the declaration nugatory. The declaration here sought would still resolve a central issue that uniformly applies to the parties' billing dispute: the validity vel non of Allstate's consistent policy of denying portions of claims based on its conclusion that the radiology technicians are independent contractors. In other words, because the declaration would, in one shot, clarify a defense that applies to all invoices, it would help resolve any remaining individualized disputes and facilitate their resolution as well.[2]

■ Second, Allstate argues, under Dow Jones factor # 4, that the absence of federal issues weighs heavily against hearing this declaratory judgment claim. See, e.g., Cadle Co. v. Bankers Fed. Sav. FSB, 929 F.Supp. 636, 639 (E.D.N.Y. 1996) ("Declaratory judgment actions which have as their underlying basis rights that are essentially governed by state law present particularly appropriate cases for application of the abstention doctrine."). Here, the core legal question is whether, under New York insurance law, Precision's radiology technicians are employees or independent contractors, a question that Allstate suggests should be left to the state courts.[3]

■ The argument is meritless. The very existence of diversity jurisdiction severely undermines any argument that federal courts should decline to hear declaratory judgment claims between diverse parties merely because state-law questions are in issue, and, unsurprisingly, Allstate cites no case suggesting as much. Instead, Allstate's authorities simply show that federal courts often decline jurisdiction where there is an ongoing parallel state proceeding regarding the same state-law issues that are raised in the federal action. See, e.g., Hartford Union Fire Ins. Co. of Pittsburgh v. Karp, 108 F.3d 17 22–23 (2d Cir. 1997) (no abuse of discretion to decline jurisdiction in favor of a concurrent action proceeding in Connecticut state court); Travelers Indem. Co. v. Philips

Acupuncture, P.C. v. State Farm Mut. Auto. Ins. Co., 14 Misc.3d 131(A), 836 N.Y.S.2d 486 (2d Dep't 2007) (table); and "the defense of a staged automobile accident," see Manhattan Med. Imaging, P.C. v. State Farm Mut. Auto. Ins. Co., 20 Misc.3d 1144(A), 873 N.Y.S.2d 235 (Richmond Civ. Ct. 2008) (table).

**2.** Allstate's cases are readily distinguishable. In one case, jurisdiction was declined because the declaration sought would state only that a contract was still in force, but would not decide whether the defendant's threatened acts were permissible thereunder, see Panama Processes, 362 F.Supp. at 737–39, whereas here, the declaration sought would

definitely resolve a central question in the Allstate–Precision billing dispute. In another case, the declaration sought would grant incomplete relief because joining necessary and indispensable parties whose rights and obligations were at issue would destroy diversity, see American Home Assurance, 2007 WL 4299847, at *7, whereas here, the two relevant parties are before the Court.

**3.** Precision's argument that federal common law applies to this question of substantive New York law is incorrect. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Elec. N. Am. Corp., No. 02-cv-9800 (WHP), 2004 WL 193564 (S.D.N.Y. 2004) (abstaining where "the claims of the parties, including plaintiffs in this action, are either already before the Illinois court, or may be adjudicated in the Illinois Action by way of third-party claim, counterclaim or affirmative defense"); Cadle Co., 929 F.Supp. at 639 (abstaining where "the claims of all parties in interest can satisfactorily be adjudicated in the state court proceedings currently pending"). But where, as here, there is no parallel state-court proceeding, the mere presence of state-law claims does not in the slightest weigh in favor of abstention.

■ Third, Allstate argues that Dow Jones factor # 5 counsels abstention because Precision has an "adequate alternative remedy" in the form of an identical declaratory judgment action that it could hypothetically have brought in state court. This argument is a non-starter. For one thing, the relevant inquiry is whether the plaintiff potentially has "a better or more effective remedy" in state court, Dow Jones, 346 F.3d at 360, not whether it simply has an adequate alternative. Indeed, what Allstate suggests is not an alternative remedy at all, but merely an alternative forum that can provide the same remedy. Unsurprisingly, Allstate cites no authorities suggesting that a state-court declaratory judgment action between diverse parties is a "better or more effective remedy" than a federal declaratory judgment action between the same parties.

Accordingly, since Allstate fails to show that any of the Dow Jones factors favors

abstention, the Court will exercise jurisdiction over Precision's declaratory judgment claim.

■ Allstate next argues that Precision fails to state a claim under GBL § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GBL § 349(a). The elements of a Section 349 claim are "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam). Although the parties raise several arguments under these elements, the Court reaches only two.[4]

■ The first issue is whether Allstate's alleged partial denials of Precision's claims is "consumer-oriented" conduct, see Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995). "[P]laintiffs claiming the benefit of § 349 … must charge conduct of the defendant that is consumer-oriented" and not merely a private dispute that does not implicate consumers, see id. ("Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute."). In cases closely in point, two courts have held that an insurer's denial of claims submitted by physicians' groups is directed, not at the underlying consumers of medical services, but at the physicians themselves. See Med. Soc'y of the State of

---

**4.** Notwithstanding the apparent concession by plaintiff's counsel, see Transcript dated June 12, 2017, Section 349 claims need not comply with the heightened pleading standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure. See Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005). That said, the "bare-bones

notice-pleading requirements" for GBL § 349 claims described in Pelman have been superseded by the more rigorous plausibility standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

N.Y. v. Oxford Health Plans, Inc., 15 A.D.3d 206, 790 N.Y.S.2d 79, 80 (1st Dep't 2005) (dismissing GBL § 349 claim because "[d]efendants' acts and practices are directed at physicians, not consumers"); see also Josephson v. United Healthcare Corp., No. 11-cv-3665 (JS)(ETB), 2012 WL 4511365, at *8 (E.D.N.Y. Sep. 28, 2012) ("The UCR Rate was the rate at which Defendants allegedly promised to reimburse Plaintiffs for their medical services; any improprieties in calculating the rate are in the nature of a private dispute between Plaintiffs and Defendants that falls outside the scope of the [GBL § 349], which is directed at wrongs against the consuming public." (citations and internal quotation marks omitted)).

The Court agrees with these cases, which Precision does not even attempt to distinguish. Here, Precision has alleged a quintessentially private dispute. Allstate's determination that Precision's radiology technicians are independent contractors, not employees, and its consequent refusal to pay the technical component of Precision's bills, is plainly directed at Precision itself, for it only affects the extent of Precision's reimbursement. Moreover, Allstate's denials of claims are based solely on the internal organization of Precision's business; consumers do not even enter the picture. Thus, Precision fails to allege consumer-oriented conduct.

Precision chiefly attempts to avoid this result by recasting its GBL § 349 claim on the fly. In its amended complaint, Precision alleges that the deceptive activity at issue here is Allstate's failure to inform its consumers that it retains the discretion to deny, and does deny, claims, as distinguished from Allstate's partial denials of Precision's claims. See FAC ¶¶ 31–34. Precision further contends that this supposed deception is directed at consumers. This claim is implausible on its face, as common experience teaches that insurers are at pains to inform customers that they can deny claims. Indeed, Allstate argues that it is required by New York state law to inform customers of such discretion in a rigidly prescribed fashion. See 11 N.Y.C.R.R. 65, App'x 13.

But assuming arguendo that this alleged misconduct is not only plausible but also consumer-oriented and misleading—none of which seems remotely likely—Precision's pivot to this new theory introduces a fatal defect in causation. See Med. Soc'y, 790 N.Y.S.2d at 80 ("General Business Law § 349 also requires that plaintiff be injured by reason of defendants' acts and practices." (emphasis in original)). Here, Precision's only cognizable injury is that Allstate failed to reimburse certain portions of Precision's claims. That injury does not flow from the alleged consumer deception, however, because the supposed deception has nothing to do with the independent contractor-employee distinction upon which Allstate relied to deny claims. In other words, Allstate's partial denials of claims would have injured Precision in precisely the same way whether or not Allstate informed its insureds that claims could be denied.

Precision's last attempt to save its GBL § 349 claim is to offer the exceedingly far-fetched theory that it was injured as a result of Allstate's alleged deception about its discretion to deny claims because, but for that deception, Allstate's policyholders might have taken out policies from a different insurer, those policyholders might still have received treatment at Precision, and the hypothetical alternative insurer might not have denied the technical component of Precision's claims to reimbursement. See Transcript dated June 13, 2017. This argument is frivolous. For one thing, Precision totally fails to allege this speculative and convoluted theory in its amend-

ed complaint. More fundamentally, this kind of counterfactual speculation is insufficient to satisfy the basic plausibility pleading requirement. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Accordingly, Precision has failed to state a claim under GBL § 349.

For the foregoing reasons, the Court, on June 13, 2017, granted in part and denied in part Allstate's motion to dismiss.