Malik v Ultraline Med. Testing, P.C. (2019 NY Slip Op 08381)





Malik v Ultraline Med. Testing, P.C.


2019 NY Slip Op 08381


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


651250/17 -652581/17 10392 653870/16 10391 10390

[*1] Abdul Q. Malik, M.D., et al., Plaintiffs-Appellants,
v
Ultraline Medical Testing, P.C., et al., Defendants, Healthfirst, Inc., et al., Defendants-Respondents.
Abdul Q. Malik, M.D., et al., Plaintiffs-Appellants,
v
Excelsior Medical IPA, LLC Defendant-Respondent.
Abdul Q. Malik, M.D., et al., Plaintiffs-Appellants,
v
Empire HealthChoice HMO, Inc., et al., Defendants-Respondents.


Barclay Damon LLP, Albany (Linda J. Clark of counsel), for appellants.
Morrison Cohen LLP, New York (Howard S. Wolfson of counsel), for Healthfirst, Inc., Healthfirst Health Plan, Inc., and Healthfirst PHSP, Inc. respondents.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for MetroPlus Health Plan, Inc., respondent.
Nixon Peabody, LLP, Jericho (Thomas Mealiffe of counsel), for New York State Catholic Health Plan, Inc., respondent.
Dunnington, Bartholow & Miller LLP, New York (Olivera Medenica and Sixtine Bousquet-Lambert of counsel), for Excelsior Medical, IPA LLC, respondent.
Morrison Cohen, LLP, New York (Howard S. Wolfson of counsel), for Empire HealthChoice HMO, Inc., Empire HealthChoice Assurance, Inc. and HealthPlus HP, LLC, respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 20, 2018, [*2]which, insofar as appealed from as limited by the briefs, granted the motions of defendants Healthfirst, Inc., Healthfirst Health Plan, Inc., Healthfirst PHSP, Inc. (collectively Healthfirst), Metroplus Health Plan, Inc. (Metroplus) and New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York, Inc. (Fidelis) to dismiss the complaint as against them, and denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered July 19, 2018, which granted the motion of defendant Excelsior Medical IPA, LLC (Excelsior) to dismiss the complaint and denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered June 14, 2019, which granted the motion of defendants Empire HealthChoice HMO, Inc., Empire HealthChoice Assurance, Inc. and HealthPlus HP, LLC (collectively Empire) for summary judgment dismissing the complaint and denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the complaints as plaintiffs failed to set forth any cognizable legal theories or claims (see generally Nonnon v City of New York, 9 NY3d 825 [2007]). Defendants had accepted Dr. Malik onto their health care provider panel and had no duty to protect him from third parties harming him with fraudulent claims filed in his name by performing handwriting or other analyses of those claims (see Purdy v Public Adm'r of County of Westchester, 72 NY2d 1 [1988]; see also Hamilton v Beretta U.S.A. Corp., 96 NY2d 222 [2001]). While Dr. Malik, who was incorrectly indicted and mistakenly assumed to be part of the scheme, was a victim of the perpetrator of the fraud, so were defendants, who paid for false claims. Since defendants were also damaged by that fraud, plaintiffs' claims of aiding and abetting fraud, which require knowledge of the fraud are untenable. Nor can defendants' routine processing of the fraudulent transactions be found to be substantial assistance (see McBride v KPMG Intl., 135 AD3d 576 [1st Dept 2016]).
Defendants did not violate the notification provisions in Insurance Law § 4803(b) or Public Health Law § 4406-d(2) since those provisions do not apply where there has been a "determination of fraud." Here, the grand jury indictment and Dr. Malik's exclusion from the Medicaid program by New York State Office of the Medicaid Inspector General were determinations under the statutes and, if the legislature had wished to require a conviction for that exclusion, it would have so stated (see Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84 [2019]).
Plaintiffs' breach of contract claims premised upon failure to provide notice and a hearing were also properly dismissed. The provisions in the relevant contracts with defendants provided for immediate termination, without further process, in the event of a determination of fraud, rendering any other procedures documented therein irrelevant. Plaintiffs' claims premised upon General Business Law §§ 349 and 350 fail since Dr. Malik's contracting with various HMOs to be included in their panels is not the type of transaction contemplated by the statutes (see Medical Socy. of State of N.Y. v Oxford Health Plans, Inc., 15 AD3d 206 [1st Dept 2005]).
The motion court also properly declined to permit plaintiffs to amend the complaints. Any proposed amendments were based on the same defective and insufficient legal theories (see Channel Chiropractic, P.C. v Country-Wide Ins. Co., 38 AD3d 294 [1st Dept 2007]). Regarding Empire, the cause of action for negligent training fails since that claim does not allege that any [*3]employees of Empire acted outside the scope of their employment (see Kerzhner v G4S Govt. Solutions, Inc., 160 AD3d 505 [1st Dept 2018]; Leftenant v City of New York, 70 AD3d 596 [1st Dept 2010]
We have considered plaintiffs' remaining arguments and find them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK